SAMUEL HOLLINGSWORTH and Wife *vs.* EDWARD A. CAMPBELL and others.

May 9, 1881.

**Action to Redeem from Mortgage—Judgment — Further Directions.** A judgment in an action to redeem real estate from a mortgage provided that either party might apply to the court for further directions. *Held*, that this contemplated only further directions such as might become necessary to carry into effect and enforce the judgment, and did not hold open for further hearing anything passed on by the judgment, such as the terms on which redemption might be made.

**Same—Rents and Profits.**—Where the complaint in an action to redeem makes no claim for rents and profits, and does not allege possession by the defendant, and there is no case or bill of exceptions to show what took place at the trial, although it appears from the findings of fact that the mortgagor, under a subsequent deed, held to be void, delivered possession of the land to the mortgagee, it is not error in the judgment allowing redemption that it makes no mention of rents and profits.

**Same—Strict Foreclosure—Redemption.**—A judgment for plaintiff, in an action to redeem, has the effect of a strict foreclosure of the mortgage if the plaintiff fail to redeem as allowed by the judgment. In such a judgment the plaintiff must be allowed at least one year in which to redeem.

This action was brought in the district court for Meeker county, to have a conveyance made by the plaintiffs to the defendants Campbell and Spooner, as well as a subsequent conveyance by those defendants to defendants Michael J. and Daniel Flynn, declared null and void, or to have the first conveyance, (which was absolute in form,) declared to be a mortgage upon the premises described in it, and for leave to redeem. The complaint alleged, that the premises were the homestead of the plaintiffs; that the first conveyance was

obtained through false representations, and that the only considera-
tion was professional services, as attorneys, rendered by Campbell
and Spooner, which were of little or no value. The answer puts
these allegations in issue, and also sets up an abandonment, by the
plaintiff Ellen, wife of the plaintiff Samuel Hollingsworth, of her
right to the premises as a homestead, and a subsequent deed thereof
by Samuel Hollingsworth, for a valuable consideration, to defendants
Campbell and Spooner. The action was tried by *Wilkin,* J., (acting
for the judge of the 12th district,) who found that the first convey-
ance to Campbell and Spooner was in fact a mortgage for $1,000;
that there was due thereon, on February 11, 1880, the sum of
$1,195.65; that the second conveyance to Campbell and Spooner,
under which the Hollingsworths surrendered possession, was void,
the wife not having joined in its execution; and that the conveyance
to the Flynns was taken by them with full knowledge of the facts;
and time was fixed in which plaintiffs might redeem. Judgment, in
accordance therewith, was entered on February 23, 1880, "that upon
payment of the aforementioned sum, with interest, on or before six
months from the date of entering the judgment and decree in this
action, by the said Hollingsworth or his representatives, the said lands
shall be acquitted and discharged of the incumbrance of said deed,
and the said Hollingsworth shall be relieved of the debt so secured.
It is also ordered that in the event that payment of the said sum and
interest is not made,    *    *    *    the title shall be absolutely vested
in the said Michael J. Flynn and Daniel Flynn, their heirs and assigns
forever."

Subsequently, and on August 3, 1880, on plaintiffs' motion, this
judgment was modified by extending the time for redemption two
months, and by providing that "either party may have leave to apply
to the court for further directions, and the amended decree shall be
recorded in the office of the register of deeds of Meeker county."
Under this provision of the judgment, plaintiffs applied to the court
for the appointment of a referee to take testimony as to the value of
rents of a portion of the premises in controversy, the same being in
possession of the Flynns. These appeals are taken by plaintiffs from
the order denying this application, and from the modified judgment.

*J. B. Brisbin*, for appellants.

*I. V. D. Heard*, for respondents.

GILFILLAN, C. J.   This is an action to have a deed of real estate, absolute in form, from plaintiffs to defendants Campbell and Spooner, declared null and void, or to have it adjudged to be a mortgage to secure a debt due from plaintiffs to them; to have the amount actually due thereon ascertained; for permission to plaintiffs to pay the same, and, upon such payment, for judgment cancelling or declaring the mortgage satisfied.   In effect, it is a suit to redeem, in case the deed is adjudged to be a mortgage.   By judgment entered February 23, 1880, the deed was adjudged to be a mortgage; the amount due upon it was adjudged to be $1,195.65, and it was adjudged that, upon plaintiffs paying that amount, with interest, on or before six months from the date of the judgment, the land be discharged from the incumbrance of the deed; but, in the event of failure to make such payment, the title to the land be vested absolutely in the defendants Michael and Daniel Flynn, who are grantees of Campbell and Spooner. August 3, 1880, this judgment was modified by extending the time for redemption two months beyond that allowed by the original judgment, and by giving the parties a right to apply to the court for further directions.   Afterwards an application was made by plaintiffs for the appointment of a referee to take testimony as to the value of the use of a portion of the premises, which was occupied by Michael and Daniel Flynn.   This application was denied.   From the order denying this application, and from the judgment, appeals are brought by plaintiffs to this court.

The application to take testimony seems to have been made under the provision of the judgment as modified August 3, 1880, giving leave to make application for further directions.   That provision contemplated further directions, such as might become necessary to carry into effect and enforce the judgment.   It is not inserted (it would have been improper to insert it) in the judgment, for the purpose of leaving open for further hearing and decision any matter determined by the judgment, such as the amount to be paid for redemption.   The judgment does not direct the value of the use of the portion of the premises in possession of defendants to be applied upon

the mortgage. A reference to ascertain that value would not be in aid of the judgment, nor to carry it into effect, but could only be ordered with a view to modifying the decision of the court, entered in the judgment, in respect to the amount required to redeem. The application was properly denied.

The matter of applying the rents and profits on the mortgage is to be considered on the appeal from the judgment. If they ought to have been so applied, the judgment is erroneous for not making or directing the application. There is not enough in the record to justify us in saying that the silence of the judgment as to rents and profits is error. There is no issue in the pleadings upon them. The complaint does not allege possession by defendants, and, of course, makes no claim for rents and profits. There is no statement of the case or bill of exceptions from which we can see that the matter was litigated on the trial. The facts are stated in the findings of the court that the plaintiff Samuel Hollingsworth, not under the deed claimed to be a mortgage, nor with any reference to it, but under a deed subsequently executed by him, which the court below held to be void, delivered possession of the premises to Campbell and Spooner, and they delivered possession to their grantees, the Flynns. For what purpose the facts were proved, and what effect on the rights of the parties was claimed for them,—indeed, what took place at the trial,—we do not know. That the possession was of any value is not found. The mere existence of those facts, without anything to show, either in the pleadings or otherwise, that any such effect was ever claimed for them, does not show that the court erred in not making them the basis of a judgment directing an application of the rents and profits on the mortgage.

There remains only the question, is the judgment erroneous by reason of limiting the time to redeem to eight months, or by reason of vesting the title absolutely in the Flynns? That in an action to redeem, the judgment may—indeed, should—fix the time within which the plaintiff shall make the redemption, and that, if he do not make the redemption within the time, his right of redemption is gone, is undoubted. "Upon a bill to redeem, the plaintiff is required to pay the debt by a given time, which is usually six months after the

liquidation of the debt, and upon his default the bill is dismissed for non-payment, which is a bar to a new bill, and equivalent to a decree of absolute foreclosure." 4 Kent, 186. A judgment for the plaintiff in an action to redeem has, then, a double aspect: *First*, as establishing plaintiff's right to redeem, and determining the conditions of his making redemption; *second*, as a strict foreclosure of the mortgage against him, if he fail to comply with those conditions. When he commences his action to redeem, he submits his rights to all the consequences of the judgment in the action; among them, the absolute cutting off of his right to redeem, in case he makes a default in the conditions imposed by it. The judgment in an action for strict foreclosure, though that action is brought by the mortgagee instead of the mortgagor, as in the action to redeem, is similar in its effect. It allows and limits a time for redemption, determines the amount to be paid, and cuts off the right of redemption upon failure to redeem according to its terms. 2 Jones on Mortgages, §§ 1561, 1563, 1565.

Both in the action to redeem, and in the action for strict foreclosure, the time allowed for redemption, where not controlled by any statute, is in the discretion of the court. We think, however, it is in this state controlled in both actions by statute. Gen. St. 1878, c. 81, § 43, reads: "Nothing contained in this chapter shall be so construed as to prevent judgment being given for the strict foreclosure of a mortgage in cases where such remedy is just or appropriate; but in case of strict foreclosure, no final decree of foreclosure shall be rendered until the lapse of one year after the judgment adjudging the amount due on such mortgage." This is not confined to actions brought specially for a strict foreclosure. A judgment granting that relief may be entered in other cases. Thus, in an action for foreclosure by sale, judgment for strict foreclosure may be entered, if that appear to be the just and appropriate remedy. 2 Jones on Mortgages, § 1560. Any judgment, whatever the form of the action may be, or by whomsoever brought, which is in effect a strict foreclosure, and bars the right of redemption, is within the terms of this statute, and it is certainly within its spirit.

The theory of our statutes on the subject of mortgages appears to be that, whenever the amount required to make redemption is fixed,

and the time within which it must be made is limited by sale or judgment, the party entitled to redeem shall have not less than a year to do it in. Under the judgment in this case, if no redemption should be made within eight months, the Flynns, at the end of that time, would be entitled to a final decree vesting the title absolutely in them. In this it is erroneous. It should have given at least one year in which to redeem. This is the only error. The direction that, in default of redemption, the title shall vest in the Flynns, instead of in Campbell and Spooner, as it cannot prejudice these plaintiffs, cannot be alleged by them as error.

The court below is directed to modify its judgment, so as to allow, as time for redemption, four months, in addition to that already allowed; such period of four months to commence from the date when the judgment shall be so modified. The order appealed from is affirmed.