ANN E. MOREY v. CITY OF DULUTH and Others.[1]

June 16, 1897.

Nos. 10,527—(191).

| 69 | 5 |
|----|---|
| 's75 | 223 |

**Foreclosure of Mortgage—Public Street—Second Foreclosure.**

One S. executed a mortgage to plaintiff on an unplatted 10-acre tract in the city of Duluth. Subsequent to the execution and record of this mortgage the city of Duluth obtained from the mortgagor a deed of a strip 60 feet wide across the tract, and opened and improved it as a public street, the only right which the city acquired being under this deed. Subsequently the plaintiff sold the premises under a power of sale, and bid in the entire tract for the amount due on the mortgage; but this sale, although valid as to the mortgagor, was invalid as to the city, because no notice of the time and place of the sale was served on it, as required by statute, the city being then in the occupancy and actual possession of the 60-foot strip. *Held*, that the plaintiff was entitled to a second foreclosure as to the city and any other omitted parties; that such second foreclosure would not affect the rights of the mortgagor under the first foreclosure; and that he need not be made a party to the suit. But *held*, that under the facts a strict foreclosure without sale, barring the city of all right in the premises unless it redeemed the entire tract by paying the whole amount due on the mortgage, would be neither "just nor equitable."

**Same—Demurrer.**

The fact that a party is not entitled to the specific relief prayed for is no ground of demurrer if, upon the facts alleged, he is entitled to some relief.

Appeal by plaintiff from an order of the district court for St. Louis county, Moer, J., sustaining demurrer to the complaint. Reversed.

*A. A. Harris* and *Henry E. Harris*, for appellant.

A mortgagor cannot bind a mortgagee by any contract or deed prejudicial to his interest. He cannot create an easement in the land to the prejudice of the rights of the mortgagee, neither can he by any arrangement between himself and third persons affect the mortgagee's lien or prevent it from operating to the full extent conferred by the mortgage. The mortgagor cannot dedicate any

[1] Reported in 71 N. W. 694.

portion of the mortgaged premises to public use so as to destroy or release the mortgage lien or affect it in anywise. 1 Jones, Mort. § 676; Murphy v. Welch, 128 Mass. 489; Kruse v. Scripps, 11 Ill. 98; Anderson v. Strauss, 98 Ill. 485; Walker v. Summers, 9 W. Va. 533; Hartley v. Harrison, 24 N. Y. 170; Cocker v. Whitlock, 54 Ala. 180. The relief which appellant seeks is expressly recognized in this state. G. S. 1894, § 6073; Bacon v. Cottrell, 13 Minn. 183 (194); Hollingsworth v. Campbell, 28 Minn. 18. The action is one to compel the defendants to redeem and may properly be likened to an action for a strict foreclosure. Wiltsie, Mort. Forc. § 828; Bolles v. Duff, 43 N. Y. 469; Stuart v. Scott, 22 Kan. 585; Shaw v. Heisey, 48 Iowa, 468; 2 Pingrey, Mort. § 1822; 3 Pomeroy, Eq. Jur. § 1227; Benedict v. Gilman, 4 Paige, 58; Kendall v. Tread-well, 5 Abb. Pr. 16. The defendants can redeem only by the payment of the whole mortgage debt, including the taxes which the appellant has been compelled to pay. 3 Pomeroy, Eq. Jur. § 1220; 2 Jones, Mort. § 1072; Johnson v. Candage, 31 Me. 28; Heirs v. Simpson, 4 Mo. 319; Lamb v. Montague, 112 Mass. 352; Gliddon v. Andrews, 14 Ala. 733; Knowles v. Rablin, 20 Iowa, 101.

*J. B. Richards*, for respondent City of Duluth.

Appellant has mistaken her remedy. She should have gone into equity to have the former foreclosure set aside and a new sale ordered. Root v. King, 91 Mich. 488; Dunn v. Herbs, 56 Hun, 457. Strict foreclosure is an unjust and an inappropriate remedy. Jefferson v. Coleman, 110 Ind. 515; Farrell v. Parlier, 50 Ill. 274; Boyer v. Boyer, 89 Ill. 447. The appropriate remedy is by application to the court for relief to have a reforeclosure of the land, bringing all interested parties in. 2 Jones, Mort. § 1620; Johnson v. Williams, 4 Minn. 183 (260); Clark v. Kraker, 51 Minn. 444. Plaintiff's remedy is exhausted and the mortgage satisfied by the foreclosure. Berthold v. Holman, 12 Minn. 221 (335); Donnelly v. Simonton, 7 Minn. 110 (167); Adams v. Corriston, 7 Minn. 365 (456); Berthold v. Fox, 13 Minn. 462 (501).

*Walter Ayers*, for respondent Lakeside Railway Company.

When land is once sold it cannot be sold again. Standish v. Vosberg, 27 Minn. 175; Paquin v. Braley, 10 Minn. 304 (379). At

any rate a subsequent purchaser of a part of the mortgaged tract has a right to have a sale of the mortgaged premises made in inverse order of alienation. Johnson v. Williams, 4 Minn. 183 (260). He has also the right to bid at the sale and the right to have the value of lands released from the lien of the mortgage applied in reduction of the mortgage indebtedness. The mortgagee releasing the part of the premises primarily liable cannot enforce the mortgage without allowing the value of the part released. Johnson v. Williams, supra; Stuyvesant v. Hall, 2 Barb. Ch. 151; 2 Jones, Mort. § 1631.

MITCHELL, J.

This is an appeal from an order sustaining the demurrers of the several defendants to the complaint on the ground that it does not state a cause of action. The material allegations of the complaint are that in August, 1890, one Sherwood, being the owner of an unplatted 10-acre tract of land in the city of Duluth, executed to plaintiff a mortgage thereon to secure the payment of $10,000 and interest, which was duly recorded; that in April, 1891, the city of Duluth obtained from Sherwood a deed of a strip 60 feet wide over and across this land, and proceeded to establish, open, and improve a street on such strip, the only right which the city acquired being under the deed from Sherwood; that long prior to the foreclosure of plaintiff's mortgage, hereinafter referred to, this strip was, and still is, used as a street by the general public, and was and is in the actual occupancy and possession of the city for street purposes, and, by its permission, of the two defendant railway companies, for the uses and purposes of their railways; that in August, 1894, default having been made in the conditions of plaintiff's mortgage, she foreclosed and sold the premises under a power of sale, she herself bidding them in for over $11,000, the amount due on the mortgage, and for taxes paid by her; that the premises have never been redeemed, and consequently in August, 1895, she became the absolute owner of them as to all persons except the defendants; that no notice of the time and place of the foreclosure sale was ever served on any of the defendants as required by statute, and for that reason the foreclosure was as to them ineffectual and invalid. The specific relief prayed for is a decree of strict foreclosure barring the defendants of all

interest or estate in the premises, unless they, or some one of them, shall, within a time to be fixed by the court, redeem the entire tract by paying the whole amount due on the mortgage, which, with taxes, now amounts to about $14,000.

Upon the facts alleged, the foreclosure in 1894, although valid as to the mortgagor, was invalid and ineffectual for any purpose as to the defendants. As between them and the plaintiff, the respective rights of the parties remained precisely as they were before, the plaintiff being the owner of an unforeclosed mortgage, the lien of which was paramount to the interests of the defendants in the mortgaged premises. Under such circumstances, there can be no doubt, upon either principle or authority, but that the mortgagee has a right to a second foreclosure as to the omitted parties. There was no need of, and, so far as appears, there was no right to, a second foreclosure as to the mortgagor. As between him and the plaintiff, his debt is satisfied by the first foreclosure, and a second foreclosure against these defendants can in no way disturb or affect his rights. Hence it is not necessary to make him a party to this action. Benedict v. Gilman, 4 Paige, 58. The foreclosure against the defendants should proceed precisely as if there had been no foreclosure against the mortgagor. If a sale is ordered, it will be merely for the purpose of marshaling and applying the proceeds in accordance with the rights and equities of the plaintiff and the present defendants.

The omission, by reason of which the former foreclosure was ineffectual as to them, being entirely the fault of the plaintiff, the defendants ought not to be placed in a more unfavorable position than they would have been had the omission not been made. Our statute recognizes the right of strict foreclosure "in cases when such remedy is just or appropriate." G. S. 1894, § 6073. But it is a severe remedy, which had its origin in the old doctrine that a mortgage was an absolute sale, subject to be determined by the payment of a given sum of money or the performance of some other condition within a given period of time; that it conveyed the legal title, and carried with it the right of possession of the mortgaged premises. It is out of harmony with the modern idea of a mortgage, that it creates a mere lien or security for a debt; and in states like ours, where a mortgage is so regarded, the remedy by

strict foreclosure can only be resorted to under special and peculiar circumstances. Under some circumstances, it would be appropriate, where a mortgagee or purchaser has acquired the legal title from the mortgagor, for the purpose of cutting off subsequent liens or incumbrances, as in case one has purchased in good faith at a mortgage sale which is not effectual as to some incumbrancer not made a party to the suit. We may suggest, without deciding that it is absolutely essential, that we have found no case where, in such a case, a strict foreclosure has been allowed, except where the purchaser at the foreclosure sale had gone into possession.

In the present case not only has the plaintiff not gone into possession, but, on the contrary, the defendants are in possession of the only part of the tract as to which a foreclosure is needed; and, as the complaint is silent as to the extent or nature of the estate conveyed to the city by the mortgagor, it does not appear that by the former foreclosure the plaintiff has acquired the legal title to this strip. But, above and beyond all else, it appears that the city's interest extends, not to the whole 10-acre tract, but only to this 60-foot strip. It may be, and presumably is, a case where the city would, on application, be entitled to have the balance of the tract sold first, so that its part should only be sold in case of a deficiency. Under such circumstances, a strict foreclosure would not be either a just or appropriate remedy.

But the fact that plaintiff is not entitled to the specific relief prayed for is no ground of demurrer, if, upon the facts alleged, she is entitled to any relief. Upon the facts, she is entitled to a decree of foreclosure by sale, the premises to be sold in such order as upon the trial appeared just and equitable. It is suggested that the equities in this case are all with the city; but we do not see how the course suggested is at all inequitable. The city bought this land, and improved it as a street, subject to and with notice of plaintiff's rights. A foreclosure now does not put the city in any other or different position from what it would have occupied if plaintiff had made the first foreclosure effectual by serving notice. Moreover, the city is not compelled to buy the strip at the foreclosure sale, or redeem it, in order to save the street. If it sells for more than the city thinks it ought to pay, it can let it go, and

resort to its right to exercise the right of eminent domain for street purposes.

Order reversed.