STATE EX REL. KATHERINE JORDAN PEAVEY v. CHARLES S. JELLEY.[1]

October 13, 1916.

Nos. 20,195—(290).

**"Case" — showing inadequate to warrant mandamus.**

Conceding that in a particular case the prevailing party may be entitled to propose and have settled and allowed a record containing the evidence and proceedings on the trial, the showing on this application for an order requiring the trial court to allow and sign the case proposed by relator is not such as to justify the order prayed for, and the proceeding is dismissed.

Upon the relation of Katherine Jordan Peavey, as executrix of the estate of George W. Peavey, deceased, this court granted its alternative writ of *mandamus* requiring the Honorable Charles S. Jelley, a judge of the district court for Hennepin county, to show cause why a peremptory writ should not issue commanding him forthwith to settle, allow and certify a case in the action between relator as plaintiff and Frederick B. Wells, Frank T. Heffelfinger and Charles F. Deaver, as defendants. Dismissed.

*Davis, Kellogg & Severance, Richard Reid Rogers* and *Robert E. Olds,* for relator.

*Lancaster, Simpson & Purdy,* for respondent.

BROWN, C. J.

Certain of the capital stock of the F. H. Peavey Elevator Company was at a time prior to his death the property of George W. Peavey. Subsequent to his death the stock was found in the possesssion of Frederick

[1] Reported in 159 N. W. 566.

T. Wells, Frank T. Heffelfinger and Charles F. Deaver, against whom the widow of Peavey brought an action to recover the same, claiming it as a part of the Peavey estate. Defendants pleaded in defense to the action that they purchased the stock of Peavey before his death, under which purchase they claim to be the rightful owners. Plaintiff by reply challenged the validity of the alleged sale and purchase upon two grounds, namely: (1) That there was no consideration to support the sale; and (2) that the contract of sale, if in fact entered into by the parties, was brought about by the fraud of defendants.

Upon the issues thus framed the cause proceeded to trial before the court without a jury. The court found in plaintiff's favor upon the first issue stated, and to the effect that the sale of the stock to defendants was without consideration, but adversely to her upon the second issue, and to the effect that the sale was not induced by the fraud of defendants. The conclusions of law were that, since there was no consideration for the alleged sale, plaintiff was entitled to judgment awarding to her the possession of the stock, and for the costs of the action. Judgment was rendered accordingly and defendants appealed. There was no motion for a new trial. Defendants' appeal presents the sole question whether the findings of facts justify the conclusions of law.

Subsequent to the appeal plaintiff applied to the trial court upon due notice for the settlement and allowance of a case containing the evidence and proceedings on the trial, which the court refused to settle or allow on the ground that the prevailing party is not entitled to propose and settle a case. Thereupon this proceeding was brought for the purpose of compelling the trial court to allow and sign the case so proposed.

The proceeding must be dismissed. It is not necessary to determine the correctness of the conclusion of the learned trial court, that the prevailing party is not entitled to propose and have settled a case containing the proceedings had on the trial, and conceding that in a particular case and for special reasons the prevailing party has that right, no reasons are here presented to justify us in commanding the court below to sign and allow the case proposed by plaintiff. If the case so proposed should be allowed, it would serve no useful purpose and in no way aid either party to the appeal. The question presented on the appeal is whether the

trial court was right in ordering judgment for plaintiff upon the finding that the sale of the stock to defendants was without consideration. The question whether the court was justified. in finding that there was no fraud is not presented by the appeal and cannot be considered. The evidence upon that question is therefore unnecessary to complete the record.

The practice in some of the states by which cross-assignments of error are permitted in cases of this kind has never been adopted in this state (8 Standard Enc. Prac. 642, et seq.), and if, in the case at bar, after argument and consideration of the merits of the appeal, we should reach the conclusion that the absence of a consideration for the alleged sale of the stock to defendants was not fatal to the validity of the sale, that would end our consideration of the case and lead to a reversal of the judgment. We would have no right to consider the issue of fraud, even if the evidence were before us, or to hold that the court should have found in plaintiff's favor thereon and upon that theory affirm the case. That would in effect be the making of a finding by this court of a fact contrary to the express finding of the trial court, a thing under our practice we are not authorized to do. Dwinnell v. Minneapolis F. & M. Ins. Co. 97 Minn. 340, 106 N. W. 312; Lawton v. Fiske, 129 Minn. 380, 152 N. W. 774. It is not a case where the court has given a wrong reason for its decision, but one where the prevailing party claims the right on the appeal of his adversary, to review findings of fact which are not and cannot be challenged by either. There is therefore no reason why the record should be encumbered by a transcript of the evidence and this proceeding will be and is hereby dismissed.

It is so ordered.