WILLIAM D. CLARK v. WAYNE B. CORSER AND OTHERS.[1]

February 9, 1923.

No. 23,246.

**Respondents on appeal cannot challenge findings of the trial court.**
    1. Defendants, not having appealed, are not in a position to challenge the findings of the trial court.

**Possession is full notice of rights of possessor.**
    2. Possession of property is full constructive notice to the world of the rights of the possessor.

**When lien upon pledged property may be lost by surrender of possession.**
    3. Delivery of possession to the pledgee is essential to a valid pledge, and the lien of the pledgee is lost by surrender of possession. But delivery of the pledged property, even to the pledgor, for a temporary purpose does not divest the pledgee's lien except as to bona fide purchasers from the pledgor while he is in such temporary possession.

Action in the district court for Ramsey county to have a certain bill of sale adjudged a chattel mortgage for $2,000 and directing a sale of the mortgaged property. The case was tried before Catlin, J., who made findings and ordered judgment in favor of plaintiff for $2,000 and that his lien be inferior to the chattel mortgage of Wayne B. Corser for $2,500. From an order denying his motion for amended conclusions of law or for a new trial, William D. Clark appealed. Reversed and new trial granted.

  *Bundlie & Kelley,* for appellant.

  *J. J. Keefe* and *Charles A. Lethert,* for respondents.

HALLAM, J.

On November 1, 1921, defendants Cochran and Merrill were doing business as the La Fayette-St. Paul Company. Plaintiff was in

[1]Reported in 191 N. W. 917.

their employ as automobile salesman. On that day Cochran, acting for the company, gave to plaintiff an instrument purporting to be a bill of sale of a La Fayette touring car for the sum of $4,000, which the instrument recited had been paid in full. In fact plaintiff had paid only $2,000, and the bill of sale was given to facilitate a sale of the car by him to a prospective purchaser. As part of the transaction, the car was delivered to plantiff. The prospective sale was not made, and the transaction is mainly important by reason of the fact of the payment of the $2,000 by plaintiff and the delivery of the car to plaintiff. On November 15, 1921, another instrument was given in language as follows:

"W. D. Clark, St. Paul, Minn.

Receipt is hereby acknowledged for Two Thousand Dollars ($2,-000.00), same to be secured by La Fayette car No. 1524. Should car be sold said $2,000.00 is to be returned. It is understood that the interest on loan is offset by use of car as demonstrator.

La Fayette-St. Paul Co.,<br>C. A. Cochran."

This instrument was never filed.

On November 28, 1921, the LaFayette-St. Paul Company borrowed $2,500 from Wayne B. Corser, and, to secure the repayment thereof, gave a chattel mortgage covering this car and others. The Corser mortgage was promptly filed.

1. The complaint in this action asked that the "bill of sale" of November 1 be adjudged a chattel mortgage superior to the rights of Corser, and that the mortgage be foreclosed. The court, apparently, did not take plaintiff's view of the case, but found that on November 15 the parties agreed to consider their transaction as a loan of $2,000 by plaintiff to the company and that the instrument of November 15 gave to plaintiff a specific lien on the car for that sum. In a memorandum attached to the decision, the court characterized the transaction of November 15 as a pledge of the car to secure the payment of the loan, and this is doubtless the effect of the findings. The court disposed of the case on this theory. Plaintiff takes no exception to this manner of disposition of the

case, and defendants, not having appealed, are not in a position to challenge the findings of the court. Whitely v. Mississippi W. & B. Co. 38 Minn. 523, 38 N. W. 753; State ex rel. City of Duluth v. Northern Pac. Ry. Co. 99 Minn. 280, 283, 109 N. W. 238, 110 N. W. 975; State ex rel. Peavey v. Jelley, 134 Minn. 276, 159 N. W. 566. The question becomes therefore one of priority of liens.

2. The court found that Corser, at the time of taking his chattel mortgage, had "no notice actual or constructive" of the rights of plaintiff in the car, and that the Corser mortgage was superior to plaintiff's lien. The evidence sustains the finding that there was no actual notice, but the further finding that plaintiff was in possession of the car is entirely inconsistent with the finding that Corser had no constructive notice. Possession of property is always full constructive notice to the world of the rights of the possessor. Gaertner v. Western Elev. Co. 104 Minn. 467, 116 N. W. 945.

It follows that Corser at the time he took his mortgage stood in the shoes of the LaFayette Company. In view of the fact that, at the time the Corser mortgage was given, the property was in possession of plaintiff pledged to secure his loan, the Corser mortgage was undoubtedly, when given, subordinate to the rights of plaintiff.

3. The only serious question in the case, as it seems to us, is whether plaintiff thereafter lost his rights as pledgee. Defendants claim that he did lose his rights as pledgee by surrender of the property. Whether he did so is the real question in the case.

The finding is that about January 1, 1922, on request of the company, plaintiff delivered possession of the car to be revarnished and put in better condition for sale, and that the expense of this was borne by the company, that thereafter and in the month of January the car was placed upon the floor in the salesroom of the company, and that about February 1 plaintiff, without the knowledge or consent of the company, took the car away and has since had it in his possession. The evidence of Cochran is that the car was delivered for repair, not to the company, but to others; that the car was left in the salesroom pursuant to request of Cochran that plaintiff leave the car on the floor for sale; that Cochran told

plaintiff he "would help him sell the car," and that while the car was on the floor plaintiff "had the keys to this car  *  *  *  at all times."

In our opinion the facts are insufficient to show a waiver of plaintiff's lien. Delivery of possession to the pledgee is essential to a valid pledge, and the lien of the pledgee is lost by surrender of possession. Combs v. Tuchelt, 24 Minn. 423. But delivery of the pledged property, even to the pledgor, for a temporary purpose, as for repair, Waldie v. Doll, 29 Cal. 556, or for sale, Kellogg v. Tompson, 142 Mass. 76, 6 N. E. 860; Thompson v. Colvin, 53 Ore. 488, 101 Pac. 201; Eplan v. Wheat, 134 Ga. 511, 68 S. E. 78; Darragh v. Elliotte, 215 Fed. 340, 131 C. C. A. 482; J. M. Radford Grocery Co. v. Powell, 228 Fed. 1, 142 C. C. A. 457; or transportation, Cooley v. Minnesota Transfer Ry. Co. 53 Minn. 327, 333, 334, 55 N. W. 141, 39 Am. St. 609, or for hire, Moors v. Wyman, 146 Mass. 60, 45 N. E. 104, does not divest the pledgee's lien, except as to bona fide purchasers from the pledgor who acquire rights while the pledgor is in such temporary possession. 31 Cyc. 818, 819; Hickok v. Cowperthwait, 210 N. Y. 137, 103 N. E. 1111, Ann. Cas. 1915B, 1004. Corser is not such a purchaser. He acquired his mortgage while plaintiff was in full possession and with consequent notice of plaintiff's rights. His rights then became fixed. Subsequent interruption of the pledgee's possession for the temporary purposes mentioned could no more enlarge Corser's rights than those of the pledgor.

Order reversed and new trial granted.