# ADELIA F. BLANCHARD v. PHILIP G. HOFFMAN.[1]

February 16, 1923.

No. 23,056.

**Conveyance as security for advances is a mortgage.**

1. Plaintiff employed defendant to aid her in financing certain heavily incumbered land owned by her, and agreed to compensate him by payment of a certain amount of money and the transfer of part of the land. The whole tract was deeded to defendant and he also took an assignment of a certificate of foreclosure sale, all as security for his advances and for payment of his compensation. Defendant advanced money for taking up encumbrances on the land and performed the services agreed. The court found the transaction in fact a mortgage, and the finding is sustained by the evidence.

**Respondent cannot question findings of trial court.**

2. Defendant, having prevailed and not having appealed, cannot challenge the correctness of the findings.

**No usury.**

3. The transaction was not usurious. Payment of fair compensation for services rendered, cannot make it so.

**Estoppel against plaintiff to question instruments.**

4. Plaintiff having pleaded the transaction held to constitute a mortgage and having predicated rights upon it, cannot be heard to assert that the instruments given were not in proper form or that the mortgage tax had not been paid.

**Decision amounted to strict foreclosure.**

5. Since the transaction was a mortgage, the rights of plaintiff can only be divested by foreclosure. The decision giving the right to redeem only on payment of the amount found due within 60 days amounted to a strict foreclosure.

**Strict foreclosure appropriate.**

6. Strict foreclosure is authorized by our statute when such remedy is just or appropriate. In view of the fact that this is in effect an action to redeem, and the obligation secured is in part the transfer of title to property, strict foreclosure is just and appropriate.

[1]Reported in 192 N. W. 352.

**Final decree must be delayed one year after judgment.**
> 7.  Final decree in strict foreclosure cannot be rendered until one year after judgment adjudging the amount due.

**No waiver of redemption.**
> 8.  Plaintiff has not waived her full period of redemption.

**Transaction not within statute of frauds.**
> 9.  The conveyance of the land to defendant took the transaction out of the statute of frauds.

Action in the district court for Ramsey county. The facts are given at the beginning of the opinion. The case was tried before Olin B. Lewis, J., whose findings will be found at the beginning of the opinion. From the order for judgment in favor of defendant, from the order denying her motion for amended findings, from the order designating which lots shall be conveyed to defendant, and from the judgment entered pursuant to the order for judgment, plaintiff appealed. Modified.

*L. C. Smith,* for appellant.

*Christofferson, Walsh, Christofferson & Jackson,* for respondent.

HALLAM, J.

1.  The trial court found, in substance, the following facts: Plaintiff was the owner of a tract of suburban land in Ramsey county. It was heavily encumbered. On April 22, 1918, there were the following encumbrances:

A mortgage of $2,500 held by Charles Freitag.

A mortgage of $700, foreclosed January 18, 1918, by sale to Reed Mortgage & Investment Co.

A mortgage of $1,150, foreclosed April 23, 1917, by sale to Robert B. Burns, trustee, for $1,200.

Two mortgages to Van Sant Company on which no money had yet been paid over.

A judgment, executed April 9, 1917, by sale to Charles H. Jermy for $608.21. On this sale, plaintiff's title had been lost.

There were also two small subsequent judgments and two years' unpaid taxes.

Early in April, 1918, B. W. Blanchard, son of plaintiff, entered into negotiation with defendant, looking toward financing the interest of plaintiff in the property. B. W. Blanchard was at all times the authorized agent of plaintiff, and acted for and in her behalf in the matter.

On April 22, 1918, it was agreed between plaintiff, her son, and defendant, as follows: On April 23, plaintiff was to give a warranty deed to defendant, subject to the two mortgages first mentioned. At the same time plaintiff's son was to pay defendant $421, which, by some arrangement, would effect redemption of the land from the judgment sale to Jermy. Defendant was to furnish money to redeem the land from the Burns sale. After said redemptions were made, defendant was to secure a loan of $4,500 on the property, the son was to raise the additional amounts necessary to satisfy all other encumbrances by further mortgaging the property. Defendant, as compensation for his services, was to receive $1,000 cash and seven lots and a summer cottage then upon them, part of the property referred to. Plaintiff and her son were to turn over to defendant a number of contracts of sale for parcels of said land, already sold according to an unrecorded plat. The plat was to be recorded and receipts on said contracts applied on the $1,000 to be paid to defendant, until the same was paid. Defendant was to have the exclusive sale of the unsold land and was to receive a regular commission therefor.

The deed was delivered by plaintiff to defendant. Defendant advanced the money necessary to take up the Burns certificate of sale and took an assignment of it to himself. Neither plaintiff nor her son paid the $421 to satisfy the Jermy judgment. The son gave a check drawn against no funds, and defendant was obliged to and did advance the necessary amount himself. Defendant in fact advanced the amounts necessary to clear the property of liens, the total amount advanced being $6,554.34. Defendant has earned, and is entitled to receive, the $1,000 mentioned, with interest, and there is now due defendant from plaintiff $7,761.66.

The court further found: "That it was the intention of the parties to place this property in defendant's hands as security for the pay-

ment of his services and advances necessarily made in clearing the title, and that the transaction should be treated as a mortgage; that said warranty deed from plaintiff to defendant of said premises, and the oral contract between defendant and plaintiff, whereby the former agreed to perform certain personal services for plaintiff in relation to clearing up the title to said land and thereafter to reconvey the same to plaintiff, constitutes in fact an equitable mortgage on this property running from plaintiff as mortgagor to defendant as mortgagee; that defendant took the title to said premises as security for his services and advances, if any were necessary to be made, in clearing the title to said premises, with the express agreement that the same, excepting seven lots and the cottage, were to be reconveyed to plaintiff upon payment to defendant by her of the amount due, and that defendant accordingly has a lien on said premises in the sum of $7,761.66."

The decision gave plaintiff a right to redeem said property, except the seven lots and cottage, within 60 days from entry of a decree, upon payment of said sum with interest and the amount of any additional taxes paid by defendant, and provided that, if plaintiff failed to make said redemption, the decree entered herein shall operate as a conveyance of the premises to defendant.

The findings are sustained by the evidence and upon these findings the rights of the parties must be determined.

2. Defendant, in this court, expresses dissatisfaction with some of the findings, among others, the finding that the transaction was a mortgage. Defendant has not appealed, and, therefore, cannot take advantage of error in the findings, Whitely v. Mississippi Water Power & Boom Co. 38 Minn. 523, 38 N. W. 753; State ex rel. City of Duluth v. Northern Pac. Ry. Co. 99 Minn. 280, 283, 109 N. W. 238, 110 N. W. 975; State ex rel. Peavey v. Jelley, 134 Minn. 276, 159 N. W. 566, unless, perhaps in a case where the evidence is conclusive in favor of his contention. Mather v. Curley, 75 Minn. 248, 77 N. W. 957, 74 Am. St. 462. There is no such situation in this case.

Defendant claims title, not under the deed, but under the assignment of the Burns certificate of foreclosure sale. But this assign-

ment is part of the transaction by which defendant "took the title to said premises," and which the court found was "security for his services and advances."

3. Plaintiff contends that defendant exacted usurious interest, and that, therefore, the contract is void and the premises should be reconveyed to her free from any lien because of money advanced by defendant. We do not concur in this contention. No such claim was made in the complaint or on the trial. The claim is made for the first time in this court. But wherever made, it is without foundation. It is predicated on the finding that the contract entitled defendant to $1,000 and seven lots in addition to interest on the amounts advanced. But the court also found that this amount and this land were to be received by defendant as compensation for his services. There is no intimation, in the findings or elsewhere, that the services were not fairly worth that amount, no intimation that the giving of this money and property was in any sense a return for the loan or use of money. Under such circumstances there is no usury.

4. Plaintiff contends that, since this is a mortgage, defendant cannot enforce it until the instrument is reformed and the registration tax paid.

Had this question been seasonably raised there would have been much force to the contention. Our statutes provide that "no instrument relating to real estate shall be valid as security for any debt, unless the fact that it is so intended, and the amount of such debt are expressed therein," G. S. 1913, § 2301, and that no mortgage shall be received in evidence in any court or have any validity as notice or otherwise unless the mortgage tax is paid. Section 2307.

The documents in this case were not in the form required by statute. There is no showing as to whether the mortgage tax has been paid, but the inference is that it has not.

It has been held that, though an instrument given as security is not in statutory form and though no tax has been paid, an action may be maintained to reform it and the tax may then be paid. Forest Lake State Bank v. Ekstrand, 112 Minn. 412, 128 N. W. 455; Mason v. Fichner, 120 Minn. 185, 139 N. W. 485.

It has also been held that a party pleading or admitting a mortgage and predicating rights upon it, will not be permitted to assert the nonpayment of the tax. On the same principle a party pleading an instrument in fact a mortgage and predicating rights upon it should not be permitted to assert that it is in improper form. Pioneer Loan & Land Co. v. Cowden, 128 Minn. 307, 150 N. W. 903; John v. Timm, 153 Minn. 401, 190 N. W. 890. Plaintiff is in this situation. In her complaint she alleged that this deed was given "for protection while the matter was being adjusted" and until a mortgage could be given for the money advanced to clear the indebtedness, and that it was agreed that, when defendant would get the indebtedness paid from moneys borrowed by mortgage on the property, and would get the title clear, he "would reconvey to plaintiff the said property." She then alleged that she was "willing and able to reimburse the defendant for any moneys which he may have spent in negotiating the adjustment of the different matters relating hereto, together with reasonable compensation therefor" and demanded an account, and a reconveyance. On the trial plaintiff's counsel said: "This is an action to set aside the deed, and declaring the plaintiff in this case the equitable owner of the property subject to such rights and claims as the defendant may have for moneys advanced." Nowhere in the pleadings nor on the trial, was there any word of complaint about the form of the instruments or the nonpayment of the tax. After a trial and a decision in response to the issues tendered by her, it seems clear that plaintiff is not now in a position to challenge the form of the transaction or the nonpayment of the tax.

5. The court having found the transaction a mortgage, plaintiff contends that her rights in the property could only be barred by foreclosure. In this she is right. The decision of the court that plaintiff have a right to redeem within 60 days and in default thereof that absolute title pass to defendant is in effect a decree of strict foreclosure.

6. Our statutes provide that "judgment for the strict foreclosure of a mortgage may be given when such remedy is just or appropriate." G. S. 1913, § 8169. Strict foreclosure is rarely justi-

fiable. As a general rule, a public sale is regarded as the more just and appropriate remedy. Wilder v. Haughey, 21 Minn. 101. Strict foreclosure had its origin in the old doctrine that a mortgage was an absolute sale subject to be determined by the performance of some obligation within a given period of time, that it conveyed the legal title and carried with it the right of possession. It is out of harmony with the modern idea that a mortgage creates a mere lien. Morey v. City of Duluth, 69 Minn. 5, 71 N. W. 694. It is a method often employed to cut off fragmentary interests. Northwestern Trust Co. v. Ryan, 115 Minn. 143, 132 N. W. 202, 35 L. R. A. (N. S.) 1167. Where the mortgagor brings an action to redeem and prevails, it is common practice to fix a time within which redemption may be made with provisions that if not so made the rights of the mortgagor are barred without sale. This in effect converts the action into one for strict foreclosure. Hollingsworth v. Campbell, 28 Minn. 18, 8 N. W. 873; Jones, Mortgages, §§ 1106, 1107. It was said in that case that "when he commences his action to redeem, he submits his rights to all the consequences of the judgment in the action; among them, the absolute cutting off of his right to redeem, in case he makes default in the conditions imposed by it." The remedy is just and appropriate in such a case. This action as above indicated, is, in effect, an action to redeem and a decree of strict foreclosure is, in our opinion, just and appropriate. It is the more so because of the fact that part of the obligation secured is an agreement to transfer the title to land.

7. Section 8169, above cited, provides however that "no final decree of foreclosure shall be rendered until the lapse of one year after the judgment adjudging the amount due on such mortgage." This provision must be observed and the decision of the trial court must be modified accordingly.

8. Defendant contends that plaintiff assented to the 60 days' period of redemption, because, after the decision, she moved that the conclusions of law be amended so as to permit plaintiff to redeem on payment of $1,661.42 within 60 days from entry of the decree. No part of the relief asked was granted. We do not think

plaintiff, by this act, shortened to 60 days her time of redemption from the amount found by the court.

9. Plaintiff contends that the contract to make payment of the compensation in part by the transfer of lots of land makes the agreement between the parties void under the statute of frauds. G. S. 1913, § 7002. Of course the transaction was within the statute of frauds. Conveyance was made, however, by deed, and the lots were included in the title acquired by defendant under the Burns certificate of execution sale. This satisfied the statute. True these instruments of title were held by the court not absolute in fact, though absolute in form, but the fact that the title was taken as security might be shown by parol in such a case as in any other where a deed absolute is claimed to be a mortgage in fact. Plaintiff is the party claiming that the transaction was a mere security. The parol evidence simply sustained her contention. It is to be observed also that the seven lots were set aside to the defendant by the court on the stipulation of the parties. The statute of frauds does not avail her.

Modified.

DIBELL, J. (dissenting.)

I do not agree that there should be a strict foreclosure. The defendant claimed the legal title. The court found that he had the legal title but that he held it as security for a sum which it found. Under a decree based on such finding the plaintiff had the right to redeem and the defendant to foreclose. I do not think that the defendant should be put in position to acquire the title without a sale as is the result in a strict forecloseure. Under appropriate allegations, or by asking it under the proofs, the defendant could have had a foreclosure by sale in this action. The decree fixing the amount for which he holds the title as security is now the basis of a foreclosure by action. The limits within which there may be a strict foreclosure, in our view of the nature of a mortgage, are well stated by Justtice Mitchell in Morey v. City of Duluth, 69 Minn. 5, 71 N. W. 694, and I think they should not be extended.