## HILDUR A. HOLMES, Respondent, v. BERGER E. ANDERSON, Appellant.

(198 N. W. 544.)

**Breach of marriage promise — evidence held to establish contract and breach.**

1. In an action for breach of a marriage contract it is *held:*

That the evidence was sufficient to establish the marriage contract and a breach thereof.

**Appeal and error — excessiveness of verdict cannot be first raised on appeal.**

2. That the question that the verdict is excessive cannot be raised for the first time in the appellate court. Schmidt v. Stone, ante, 91, followed.

**Trial — instruction stressing specific evidence properly refused.**

3. That the court did not err in refusing to give a certain requested instruction, wherein particular stress was laid on certain specific items of evidence.

---

Note.—(2) Excessiveness of verdicts not open to review on appeal, see 2 R. C. L. 83.

(3) Giving undue prominence to particular evidence in instruction, see 14 R. C. L. 780; 3 R. C. L. Supp. 283; 4 R. C. L. 919.

(4) Measure of damages for breach of promise to marry, see note in 41 L.R.A. (N.S.) 840.

**Breach of marriage promise — instruction on damages not prejudicial.**

    4. That an instruction relating to the question of·damages was not prejudicial.

**Appeal and error — statements in argument held not prejudicial.**

    5. That certain statements made by plaintiff's counsel during the argument to the jury are not shown to have been prejudicial.

Opinion filed April 19, 1924.

Appeal and Error, 3 C. J. § 781 p. 880 n. 18; 4 C. J. § 2938 p. 957 n. 65. Breach of Marriage Promise, 9 C. J. § 78 p. 360 n. 33; § 80 p. 362 n. 46 New; § 87 p. 363 n. 69; § 88 p. 366 n. 84; § 90 p. 370 n. 9; §-102 p. 382 n. 81, 82, 83, p. 383 n. 86, 87. Trial, 38 Cyc. p. 1677 n. 75.

From a judgment of the District Court of Grant County, *Berry,* J., the defendant appeals.

Affirmed.

*Sullivan, Hanley & Sullivan* and *R. F. Gallagher,* for appellant.

The court should not exclude from the jury points which are fairly raised by the evidence on either side. 14 R. C. L. § 55, p. 793 note 5.

As a general rule a party also is entitled to have the jury consider all the evidence properly before them in a case in arriving at their verdict and an instruction which ignores such evidence is erroneous as it tends to lead them to believe that it is unimportant or false. 14 R. C. L. § 55, p. 794 note 8.

Instructions to a jury in a lawsuit should be confined to and be in accord with the evidence submitted on the trial. Eisentraut v. Madden, 150 N. W. 627.

If an instruction not warranted by the evidence is calculated to mislead the jury and prejudice the objecting party it is ground for reversal. 38 Cyc. 1621, and cases cited in note 44.

Where there is no evidence of certain facts in a case the mere statement of the court that if the jury find such facts to exist, they may draw certain inferences therefrom is erroneous as misleading and abstract. Anderson v. Otegon R. Co. (Or.) 77 Pac. 119.

The courts, however, ordinarily regard the giving of an instruction having no basis or foundation in the evidence in the case in which it is given as prejudicial unless it is clearly apparent that the jury could not have been misled by it. 14 R. C. L. § 51, notes 6, 7, p. 791.

The damages in a breach of promise case cannot be enhanced by reason of anything that counsel for defendant may say which is derogatory to the character of plaintiff even though the defendant fails to object thereto. 9 C. J. 375.

*A. T. Nelson* and *J. K. Murray,* for respondent.

"In actions for breach of promise to marry damages have never been limited by the rules governing actions on simple contracts for the payment of money; but plaintiff is entitled to recover such amount as will compensate her for the benefits lost or detriments suffered because of the breach, and the distress, mortification, mental suffering, and injury, to her affections which she has undergone in consequence thereof." 9 C. J. 371, § 92.

"The instructions did not bind the jury to a consideration of injury to physical reputation, for in that regard it is in the disjunctive. The words used, 'or physical,' are quite different from 'and physical.' We shall not assume that they carried weight to the jury in the face of the fact that no injury to physical reputation was proved, or could be inferred from the evidence. In the ordinary reasoning of intelligent jurors, these words as applied in this case would be considered as mere surplusage. On the whole case, we clearly see that the use of these words of surplusage did not mislead the jury. We must not be prone to reverse on slight grounds." 9 C. J. 365, § 88.

"That portion of the instruction is also criticised wherein the jury are instructed that plaintiff's loss of time is also an element of damage to be considered. This was clearly an inadvertence on the part of the court. Plaintiff made no claim of damage for loss of time. No evidence was offered showing that she lost any time and no evidence of its value. This portion of the instruction was clearly inapplicable to any evidence in the case. But under the circumstances it could not have misled the jury, and was not prejudicial. Plaintiff was discharged on the day following her arrest, so that it was not possible for the element of loss of time to become a subject for consideration by the jury in estimating the damages. The reference to loss of time in the charge was superfluous, but, in our opinion, was not misleading, and therefore furnished no ground for reversal." Merchant v. Pielke (N. D.) 84 N. W. 575.

"If an instruction in a case is asked, which refers to facts which

50 N. D.—61.

there is no evidence to prove, it is not error to refuse to give it, and if given, although in fact erroneous in the abstract, it will not be regarded as an error for which the judgment will be reversed, unless it be manifest that the jury was misled by it to the prejudice of the defendant." Bosqui v. Sutro R. Co. (Cal.) 63 Pac. 682.

CHRISTIANSON, J.   This is an action for breach of a marriage contract.   The defendant interposed a general denial.   The case was tried to a jury upon the issues thus framed, and resulted in a verdict in favor of the plaintiff in the sum of $1,500.   Defendant has appealed from the judgment entered upon the verdict.

Appellant asserts:

1. That the evidence was insufficient to establish the marriage contract.

2. That the evidence is insufficient to sustain a verdict in the sum of $1,500.

3. That the court erred in instructions given and refused.

4. That a new trial should be ordered on the ground of misconduct of plaintiff's counsel during the argument to the jury.

These propositions will be considered in the order stated.

1. The contention that the evidence is insufficient to establish a marriage contract is wholly untenable.   The plaintiff testified positively that defendant asked her to become his wife, and that she accepted his proposal.   According to the undisputed evidence plaintiff and defendant at times would visit at the home of one Berg.   And Mrs. Berg testified that upon one of these visits the defendant, in the presence of the plaintiff, said that he and the plaintiff were going to spend their honeymoon in Sweden.   It is true, the defendant denied the marriage contract; and, also, denied the statements and acts attributed to him having tendency to establish such contract.   Also, it is true, that defendant and his present wife testified that the plaintiff upon a certain occasion stated to them that no marriage contract existed between plaintiff and defendant.   This statement, however, was denied by the plaintiff.   In these circumstances, manifestly, it was for the jury to say what witnesses told the truth.   If a marriage contract between plaintiff and defendant was established there is no question about its breach as the plaintiff subsequently married another.

2. It is next contended that the evidence does not justify a verdict in the sum of $1,500. In other words, it is contended that the verdict is excessive. In our opinion, appellant is not in position to raise that question, as it was not raised in the trial court. Schmidt v. Stone, ante, 91, 194 N. W. 917. We deem it proper, however, to say that we do not believe this court would have been justified in disturbing the verdict, even though the question of excessive damages was properly before us. The plaintiff was a teacher in the public schools of the school district in which the defendant resided. Defendant is a man of some means, and one of the officers of the school district. In actions for breach of a marriage promise "no fixed measure of compensation can be laid down, but it is for the jury to award such amount as they deem proper under the circumstances of each particular case; and the question of the justice or adequacy of the verdict . . . rests almost wholly in the judgment of the jury, and in the discretion of the trial judge." And "the verdict will not be disturbed unless the damages appear to be flagrantly excessive, or disproportioned to the injury received by plaintiff." 9 C. J. pp. 382, 383.

3. The defendant requested an instruction to the effect that it was incumbent upon the plaintiff to prove by a fair preponderance of the evidence that there was a mutual promise of marriage between the plaintiff and the defendant; and that in determining whether there was such mutual promise the jury had a right to consider whether it had been shown by the evidence that defendant had given any presents to the plaintiff and also what terms of endearment had been used between the parties, and that unless the jury found from a fair preponderance of the evidence that there was a mutual promise of marriage between the plaintiff and the defendant, the verdict must be for the defendant. The trial court refused to give the instruction as requested, and such refusal is assigned as error. We do not believe that any error was committed by the trial court in refusing to give the requested instruction. This is not a case wherein the plaintiff claims that the marriage contract is inferable from the acts and conduct of the parties. On the contrary, the claim of the plaintiff is that there was an express, definite offer of marriage, and an express, unqualified acceptance of such offer. The jury could not have found in favor of the plaintiff unless they believed her testimony that such express contract had been made. The

primary evidence relating to the marriage contract was the testimony of the plaintiff and defendant. The plaintiff testified to a certain conversation, and she claimed that during such conversation the plaintiff asked her to become his wife, and that she accepted his proposal. The defendant denied that such conversation took place. The evidence relating to the acts and conduct of the parties was not primary or direct evidence as to what was said by the parties at the time the marriage contract is claimed to have been made, but such evidence was admissible and might properly be considered by the jury in determining the probability of the stories of the respective parties. In other words, in this case, the evidence relating to the acts and conduct of the parties was corroborative evidence. Its principal value in this case was to aid the jury in weighing the testimony of the parties to the action, and in determining the probability of their respective stories. The testimony was a matter of legitimate comment during the argument to the jury, and there is no contention that defendant was restricted either in his examination of witnesses, or in comment thereon during the argument to the jury. The jury was clearly instructed as to the issues involved in the action, the burden of proof, credibility of witnesses, and that the jury in arriving at their verdict must consider all the evidence in the case. The singling out of certain specific items of evidence and making express comment thereon in the course of instructions is at best a practice of questionable wisdom (14 R. C. L. p. 780).

4. Error is also assigned upon the following instruction, which the court gave to the jury:

"In an action for breach of promise to marry, the damage is not restricted to the rules governing actions on civil contract for the payment of money, but the plaintiff is entitled to recover such amount as will compensate her for all the detriment to her. In estimating such damages it is proper to consider the anxiety of mind brought on or produced by such breach; advantages which might have accrued to her from the marriage; the loss of a permanent home; the length of the engagement; the depth of the plaintiff's devotion to the defendant; the defendant's conduct and treatment of the plaintiff and his whole intercourse with her; *injury to the plaintiff's reputation or future prospects of marriage;* plaintiff's altered social conditions or relations to her home and family due to the defendant's conduct. The defendant's

social standing and financial condition are matters proper for your consideration in estimating the damages to be awarded; . . . if such elements or any of them have been established by the evidence."

We are by no means satisfied that the instruction was not entirely proper. We are rather inclined to the view that where, as in this case, the evidence on the part of the plaintiff tends to establish a marriage contract, announcement of the existence of such contract to acquaintances and relatives, and the breach of such contract by the sudden marriage of the defendant to another,—all taking place in the immediate vicinity where the parties are then abiding, that reasonable men in the exercise of reason and judgment might well infer that some injury has been sustained to the moral reputation of the injured party and also that her future prospects of marriage have been to some extent impaired. In any event the instruction was not prejudicial. Kendall v. Dunn, 71 W. Va. 262, 43 L.R.A.(N.S.) 556, 76 S. E. 454; 9 C. J. p. 366, note 84.

5. Error is also predicated upon certain comment made by plaintiff's counsel during the argument to the jury. Among the remarks specifically excepted to is the following: "Well, if he did that he is the worst shiek I ever saw. He is worse than Valentino." Other remarks somewhat along the same line were also excepted to. These latter remarks according to their context were replies to certain statements made by defendant's counsel in the course of his argument to the jury. The argument of defendant's counsel is not contained in the record and we have no means of knowing what it was. The trial judge, however, heard all of the arguments. He was in position to know whether the statements objected to had been provoked by the argument of defendant's counsel, and were responsive to such argument. This is, also, true of the sentence quoted above. It will be noted that that sentence is based upon a statement which preceded it, wherein apparently a certain act was referred to. What that act was we have no means of knowing, as the record does not contain the statement relating thereto. No motion for a new trial was made on the ground of misconduct of counsel. The case comes here, as already stated, on an appeal from the judgment alone. Hence, so far as the alleged misconduct is concerned, we are concerned only with the question whether the record affirmatively establishes such misconduct that it must be pre-

sumed that defendant was deprived of that fair trial to which the law entitles every litigant. That question, we think, must be answered in the negative. The effect of the statements, if any, would have been to influence the jury to allow plaintiff too large damages. It does not seem at all likely that intelligent jurors could or would have been affected in determining the primary question, whether a marriage contract in fact existed. The amount of the verdict is so reasonable, that it does not seem at all probable that passion or prejudice influenced the jury in their deliberations. 9 C. J. p. 370, note 9.

The judgment is affirmed.

BRONSON, Ch. J., and JOHNSON and NUESSLE, JJ., concur.

BIRDZELL, J., not participating.