WILLIAM S. COMBS, as Receiver, etc., *vs.* FREDERICK TUCHELT and others.

March 9, 1878.

**Pledge—Pledgee must Take and Retain Possession—Manual Delivery is not Essential to Transfer Possession.**—To constitute a pledge, the pledgee must take possession, and to preserve it, must retain possession of the pledged property. If, after having taken possession, he relinquishes it, the pledge is extinguished. The transfer of possession necessary to a valid pledge does not require a manual delivery of the pledged property by the pledgor, or a manual receipt of it by the pledgee. No formal delivery is required; it is enough if, the property being present, it is committed by the pledgor to the exclusive control and charge of the pledgee.

**Same—When Evidence Sufficient to Establish a Delivery and Retention of Possession.**—The evidence in the case considered, and *held* to have reasonable tendency to show that certain cigars were delivered into the possession of an agent of certain alleged pledgees, and that such agent retained possession of the same until they were taken from him by the plaintiff.

**Pledge of Unstamped Cigars—U. S. Rev. St. §§ 3387 and 3406, Construed.**—A pledge of unstamped cigars does not fall within the provisions of sections 3387, 3406, U. S. Rev. St., which require cigars *manufactured and sold* or *removed* for consumption *and use* to be stamped.

**Sale of Unstamped Cigars.**—It seems, also, that a *sale* of unstamped cigars will not be invalid if, as a part of the transaction, it was contemplated that they should be stamped before removal.

This action was brought in the district court for Ramsey county. The complaint, among other things, alleged that upon the application of Parker, Holmes & Co. the said court made an order directing the plaintiff, as receiver of the effects of F. W. Tuchelt & Co., to keep all and singular certain described cig—s separate from the other property and effects

in the plaintiff's hands as such receiver, and that all such cigars, and the proceeds of such thereof as he might dispose of, be so retained separately by the plaintiff until the further direction of the court in regard to the disposition thereof. The complaint further alleged that by reason of the premises the plaintiff was exposed to peril in the administration of his trust as such receiver; that the settlement of the copartnership estate was greatly hindered and obstructed; and that the plaintiff could not safely proceed in the performance of his duties as such receiver without the determination of the rights of the said Parker, Holmes & Co. in said cigars, and without the advice of the court in the premises. The plaintiff, therefore, prayed that the said Parker, Holmes & Co. establish their lien, if any they had, against the said cigars or said proceeds, and in case of their failure to do so that they be adjudged to have no lien upon the same, nor upon the proceeds thereof; that the plaintiff be advised by the court touching his conduct in the premises; and that he have such further relief in the premises as to the court might seem meet. The action was tried by the court, *Brill*, J., presiding, who found that the defendants were entitled to judgment for a sale of the said cigars, and for the proceeds thereof, and ordered the same to be accordingly entered. The plaintiff moved for a new trial, the motion was denied, and the plaintiff appealed.

*Gilman, Clough & Lane*, for appellant.

*John B. & W. H. Sanborn*, for respondent.

BERRY, J. The general rule is well settled that to constitute a pledge, the pledgee must take possession, and to preserve it, must retain possession of the pledged property. If, after having taken possession, he *relinquishes* it, the pledge is extinguished. *Kimball* v. *Hildreth*, 8 Allen, 167.

The court by which this action was tried below finds that Mann, as agent of the pledgees, took possession of the cigars, (the pledged property,) and that he always retained such possession until, against his protest, the property was taken from

his possession by the plaintiff. The plaintiff contends that as respects the taking and retention of possession the findings are not sustained by the evidence.

There is evidence in the case tending to establish the following state of facts: Tuchelt and Biersach were partners, carrying on the business of manufacturing cigars, and of selling cigars, tobacco, etc., under the name of F. W. Tuchelt & Co. The store occupied by them in their business was divided into two rooms by a glass partition. The front room was used as a sales-room, etc., and the rear room exclusively as a cigar factory, including the keeping therein of unstamped cigars.

Tuchelt & Co. were indebted to Parker, Holmes & Co., a Detroit house, and being unable to pay their indebtedness when it became due, it was agreed between them and one Mendelbauer (as agent of Parker, Holmes & Co.) that Tuchelt & Co. should have an extension of time for the payment of such indebtedness, and that they should pledge their unstamped cigars as security for the same. Conformably to this agreement Tuchelt & Co. forthwith executed and delivered to Mendelbauer (as agent aforesaid) their promissory notes for the amount of their debt; made a schedule of their unstamped cigars, being all the cigars which they then had in their factory, and which were then separate and were ever afterwards kept separate from their other stock; and turned the cigars over to Mann, (one of their clerks,) who, at the request and in the presence of both parties, took possession and control of them, and signed a receipt, to which the schedule was attached, both parties agreeing that he should hold the cigars for the purposes and upon the terms and conditions named therein. Thereupon the agreed extension was given. The receipt was as follows, viz.:

"St. Paul, Minn., December 16, 1875.

"Received of F. W. Tuchelt & Co. 42,000 cigars, valued at $1,654.90, to be held as collateral security for an account of Parker, Holmes & Co., Detroit, in payment of seven notes,

$257.40 each, dated November 29, 1875, at St. Paul, Minn., payable at intervals of 15 days each from above date, the last being payable 120 days from November 29, '75. After the note due January 1, '76, is paid, I am at liberty to relinquish cigars to F. W. Tuchelt & Co. as fast as they pay me cash to apply on notes due Parker, Holmes & Co. The price to be paid is as per schedule prices attached to this receipt.

"[Signed,]                              CHARLES D. MANN."

At the foot of the schedule are these words: "The above cigars are in my possession;" followed by Mann's signature, placed there by him in the presence of both parties at the same time when he signed the receipt. This is certainly evidence tending to show, and in our opinion conclusively showing, that the cigars mentioned in the schedule were delivered into the possession of Mann for and as agent of Parker, Holmes & Co., the pledgees.

The transfer of possession necessary to a valid pledge does not require a manual delivery of the pledged property by the pledgor, or a manual receipt of it by the pledgee. No formal delivery is required. It is enough if, the property being present, it is committed by the pledgor to the exclusive control and charge of the pledgee.

The next inquiry is, is there any evidence reasonably tending to show that Mann retained possession of the cigars for and as the agent of Parker, Holmes & Co., until they were taken from him by the plaintiff? As to the subject of this inquiry the case discloses evidence as follows: That the cigars remained in the rear room of the store occupied by Tuchelt & Co.; that they remained there with the consent of Tuchelt & Co.; that being unstamped, they could not, under the federal revenue law, be lawfully removed; that at the time when Mann took possession of them they were separate from the other stock of Tuchelt & Co., and were always kept separate from it; that after December 16, 1875, when the cigars were put into Mann's possession, Tuchelt & Co. never interfered with, or took or sold any of the cigars, save as

Mann delivered them to them after they had paid their note due January 1, 1876, and had paid Parker, Holmes & Co. more than enough on the other notes to equal in amount the value of cigars delivered, at the rates and on the terms named in the receipt and schedule; that after taking possession of the cigars Mann went into the factory and counted them; that when Tuchelt & Co. received orders for cigars, and had the money with which to pay for them, Mann was in the habit of stamping cigars sufficient to fill orders, and charging them to Tuchelt & Co., drawing the money for them and delivering them to Tuchelt & Co; that they never took any without first speaking to him about it; that he twice refused to let them have cigars when they had not the money with which to pay for them; that several thousand were sold by Tuchelt & Co. in the manner mentioned, and the entire price (as per the schedule) applied on the notes; that no cigars were manufactured by Tuchelt & Co. in the factory after Mann took possession; that at the time when plaintiff was appointed receiver of the property of Tuchelt & Co., and before he had taken possession under his receivership, Mann made a careful inventory of the cigars remaining unsold; that at the time when the plaintiff took possession of the unsold cigars Mann notified him that he held them as collateral security for the debt due Parker, Holmes & Co., and forbade him to sell them, showing him a copy of the schedule and receipt; that after the plaintiff had taken possession of them he renewed his notice, and requested him not to sell the cigars, and subsequently took proceedings in the district court to protect Parker, Holmes & Co. and himself in the premises. In addition, Mann swears that he "had possession and control" of the cigars after December 16, 1875, the date when his possession commenced; that the cigars then remaining unsold, being the same taken by plaintiff, were in his (Mann's) "possession and control," in the factory, at the time when he made the inventory spoken of. Biersach also swears that after the receipt and

other papers were executed Mann had "charge and control of the cigars."

It appears to us that the evidence, taken together, makes out a strong case in support of the claim that Mann retained possession of the cigars until they were taken from him by the plaintiff. That the cigars were delivered into his possession is, as we have before seen, sufficiently established. That possession would, in the absence of proof to the contrary, be presumed to continue. The evidence to which we have referred certainly tends very strongly to show that it never was abandoned or relinquished.

It is true there was evidence showing that between three and four weeks after he took possession of the cigars Mann left Tuchelt & Co.'s employ and went to Milwaukee, where his parents resided, and where he remained for about five weeks; but it does not appear that it was not his intention to return, or that he intended to give up possession of the cigars. On the contrary, it appears that he returned to St. Paul to look after them, and that after such return, he took an inventory of them, notified the plaintiff that he held them in pledge, forbade him to sell them, and took legal proceedings to protect Parker, Holmes & Co. and himself, as respected them.

We are, therefore, upon an examination of the settled case, well satisfied that there was evidence reasonably tending to show that Mann both received and retained possession of the cigars under the contract of pledge, and that the court was therefore justified in so finding.

The plaintiff makes the point that the cigars being unstamped, no such control of them could be given by Tuchelt & Co. to another as would satisfy the conditions necessary to constitute a pledge, and he refers to U. S. Rev. St. §§ 3387, 3406.

As we read the sections cited, they require cigars *manufactured and sold or removed for consumption and use to be* stamped. The transaction between Tuchelt & Co. and Parker, Holmes

& Co. fell within neither of these categories. Even if there had been a sale we presume that it would not have been invalid, if, as in this case, it was contemplated as a part of the transaction that the cigars should be stamped before removal. *Strauss* v. *Menzesheimer*, 78 Ill. 493.

In the view which we take of the sufficiency of the evidence to establish a valid and complete contract of pledge, we deem it unnecessary to consider the further positions taken by the counsel for the plaintiff.

The order denying a new trial is affirmed.