## James D. Clare v. John Agerter.

PROMISSORY NOTE — *Rights of Surety — Chattel Mortgage — Lien.* The surety on a promissory note given for the purchase of personal property, to whom the property was delivered by the maker, has a right to retain the possession of said property against a chattel mortgagee, to whom the maker of said note executed a chattel mortgage while in temporary possession of the property by permission of the pledgee.

### Error from Brown District Court.

REPLEVIN. Judgment for *Agerter*, May 17, 1889. The defendant, *Clare*, comes here. The facts appear in the opinion.

*James Falloon,* for plaintiff in error.

*C. W. Johnson,* and *S. F. Newlon,* for defendant in error.

Opinion by SIMPSON, C.: Agerter commenced this action in replevin against Clare, to recover the possession of one bay mare, one gray mare, and one set of double harness, which he claimed under and by virtue of a chattel mortgage executed by one J. C. Thomas. It appears that the property in controversy, on the 3d day of February, 1888, belonged to one J. H. Koger, who sold it on that day to J. C. Thomas for $175; that Thomas paid by executing his note, with Clare as surety, and he agreed with his surety that the property should stand pledged to the surety until he (Thomas) paid the note; that subsequently, and about the 15th of December, 1888, Thomas delivered the property to Clare for him to hold possession of and keep until the note to Koger was paid; that on the 18th day of December, 1888, Clare permitted Thomas to have the temporary use of the property to go to a place six miles distant, with the distinct understanding that the property was to be immediately, on the return of Thomas, delivered to Clare; that while Thomas was thus temporarily in possession of the property, Agerter, on the night of December 19th, attached the same as the property of Thomas, and on the next day Thomas executed a chattel mortgage on this and

other property to secure to Agerter the payment of $159.60. On the 21st of December Thomas redelivered the property to Clare, and on the 19th day of January, 1889, Agerter, the defendant in error, commenced this action. The case was tried at the May term, 1889, of the district court of Brown county, the general verdict of the jury being in favor of Agerter, but the special findings were to the effect that on the 3d day of February, 1888, the property in controversy belonged to J. H. Koger; that on that day Koger sold to Thomas, and received in payment a promissory note of Thomas for $175, payable in one year, with Clare as surety; that there was an agreement between Thomas and Clare that the property should stand pledged for the payment of the note; that on or about the 17th day of December, and before Agerter recovered the mortgage from Thomas, the property was delivered by Thomas to Clare, so that Clare could keep possession, pay the balance due on the note, and when Thomas was able to repay Clare the property to be returned to Thomas; that on the 18th of December Clare permitted Thomas to have the temporary use of the property for the purpose of making a trip, and while said property was in the temporary possession of Thomas Agerter attached it, on the night of the 19th of December, and on the next day Thomas executed the note and chattel mortgage to Agerter. On the 21st of December Thomas returned the property to Clare, who has retained possession ever since, and when replevin was served Clare gave a delivery bond. When the general verdict and special findings were returned Agerter made a motion for a judgment in his favor, and Clare filed a motion for a judgment in his favor on the special findings. Clare's motion for a judgment on the special findings was overruled, and he brings the case here for review, claiming that the court erred in overruling his motion for a judgment in his favor on the special findings.

The trial court committed material error in overruling the motion of Clare for judgment on the special findings, as these control the general verdict. The facts found especially by the jury are to the effect that, at the time the chattel mortgage was

executed to Agerter, both the right of possession and the actual possession of the chattels was in Clare. These chattels had been delivered to Clare in pursuance of a lawful agreement with Thomas days before the execution of the chattel mortgage to Agerter, and the temporary loan of them by Clare to Thomas did not disturb the legal title or right of possession in Clare.

We recommend that judgment be entered on the special findings in favor of Clare.

By the Court: It is so ordered.

All the Justices concurring.