## LINDEBERG v. MESSMAN et al.

No. 10482—Opinion Filed March 14, 1922.

Rehearing Denied July 11, 1922.

(Syllabus.)

**1. Quieting Title—Burden of Proof—Title.**

The plaintiff in an action to quiet title to land must allege and prove that he is the owner of either the legal title or the complete equitable title. Unless plaintiff has the title, it is immaterial to him what title defendant claims.

**2. Same—Insufficiency of Plaintiff's Title —Disposition of Cause.**

Record examined, and held: (a) The judgment of the trial court sustaining the defendant's demurrer to plaintiff's evidence is affirmed. (b) The judgment of the trial court quieting title to the land involved in the defendant is reversed. and the cause remanded, with directions.

Error from District Court, Pawnee County; Redmond S. Cole, Judge.

Action by August Lindeberg against L. F. Messman and others to quiet title. Judgment for defendants, and plaintiff brings error. Affirmed in part and reversed in part.

Edwin R. McNeill, for plaintiff in error.

L. V. Orton, for defendants in error.

JOHNSON, J. This is an appeal from the judgment rendered in the district court of Pawnee county, state of Oklahoma, on the 21st day of May, 1918, wherein August Lindeberg was plaintiff and L. F. Messman, Claude Macy, and C. T. Cashel were defendants. The plaintiff in error, August Lindeberg, hereinafter called the plaintiff, filed his petition in said court on September 13, 1916, against said defendants in error, hereinafter called defendants, alleging that he was the owner of and in possession of the following described premises, to wit: The northeast quarter of section twenty-two (22), township twenty (20) north of range six (6) east of the Indian Meridian, Pawnee county, state of Oklahoma; that he acquired the same by deed from Frank E. Lindeberg on the 3rd day of April, 1913, and attaching a copy of said deed to his petition, which recited a consideration of $5,000 subject to certain mortgages mentioned therein; that the defendant L. F. Messman, on the 26th of June, 1916, filed

a deed to said premises from C. D. Webber, sheriff of Pawnee county, state of Oklahoma, and claimed some right, title, and interest therein; that Claude Macy claimed some right, title, and interest in and to said premises by reason of a mortgage executed by said Messman to Macy on the 21st day of August, 1918; that C. T. Cashel claimed some right, title and interest in said premises by reason of an oil and gas lease made by said L. F. Messman. Plaintiff prayed that his title be quieted against said L. F. Messman, Claude Macy, and C. T. Cashel; that the said sheriff's deed filed by the said L. F. Messman be declared null and void; that the said mortgage of Claude Macy be declared null and void; that the said oil and gas lease be canceled, and that said defendants have no right, title, or interest in and to said premises.

To this petition L. F. Messman filed an unverified general denial, and further claiming that he was the owner of said premises under and by virtue of a judgment rendered in the superior court of Garfield county, Okla., wherein a judgment on cross-petition was recovered against Frank L. Lindeberg in the sum of $307.80, and thereafter on the 16th of November, 1912, a transcript of said judgment was filed in the office of the clerk of the district court of Pawnee county, and the premises herein were sold under execution, and that L. F. Messman purchased the same under said proceedings at a sheriff's sale, and L. F. Messman prayed that his title be quieted as against the plaintiff.

The defendant Claude Macy also filed an unverified general denial, and claimed an interest in the premises by reason of a mortgage given by L. F. Messman and wife to said Claude Macy in the sum of $850 on said premises, and praying that the court decree that said Claude Macy have a valid and subsisting lien on said real estate.

Plaintiff filed a reply and an amended reply to the answer of L. F. Messman and alleged that the judgment referred to in Messman's answer rendered in the district court of Garfield county, was null and void, and all subsequent proceedings based thereon were null and void and of no force and effect, and set forth the reasons why the same were null and void. The issues were thus framed and the cause came on for trial.

Judgment was rendered on the 21st day of May, 1918, in behalf of the defendant, the court sustaining a demurrer to the evidence introduced by the plaintiff. A motion for a new trial was overruled on the 3rd day of September, 1918, and this appeal is prosecuted from the judgment and final order of the court overruling motion for new trial and is here for final determination.

None of the pleadings were signed by the parties or in any way verified, being simply signed by the attorneys of the respective parties.

The plaintiff introduced, without objection, page 164, warranty deed record No. 29, of Pawnee county, containing the record of the deed from Frank E. Lindeberg to August Lindeberg, a copy of which deed was attached to the plaintiff's petition, and called as a witness in his behalf Frank E. Lindeberg, who testified that said deed was intended as a mortgage to secure his indebtedness to the plaintiff, August Lindeberg, in the sum of about $6,000 representing monies advanced to him by the plaintiff from time to time and prior to the execution of the said deed for the most part. With this testimony the plaintiff rested, whereupon the defendants demurred to the evidence of the plaintiff, which demurrer, after argument of the same, was sustained by the court, the court rendering judgment as follows:

"It is therefore by the court ordered, adjudged and decreed, that the demurrer of defendants to the evidence of the plaintiff be and the same is hereby sustained, and the action of the plaintiff is hereby dismissed at the costs of the plaintiff.

"It is further decreed that the plaintiff is not the owner of said real estate, hereinabove described, and it is further decreed that the defendant L. F. Messman is the owner of said real estate, and entitled to the possession thereof.

"It is further decreed that the title of the defendant L. F. Messman be and the same is hereby quieted against the plaintiff or anyone claiming by, through, or under him, and that the deed made on the 3rd day of April, 1913, and recorded in book 29 of deed records, at page 164, be and the same is hereby canceled, set aside, and held for naught.

"To the above finding and decree the plaintiff excepts, and gives notice in open court of his intention to appeal to the Supreme Court.

                        "Conn Linn, Judge."

"O.—K. L. V. Orton, Attorney for Defendant."

To reverse which judgment this proceeding in error was commenced by the plaintiff.

For convenience, the parties will be hereinafter referred to as plaintiff and defendant,

respectively, as they appeared in the trial court.

The plaintiff assigns errors as follows:

"1. The court erred in overruling the motion of plaintiff in error for new trial.

"2. The court erred in sustaining the demurrer of defendant in error to the evidence of the plaintiff in error."

The sole question for our determination is whether or not the trial court erred in sustaining the defendants' demurrer to the plaintiff's evidence.

Frank Lindeberg testified that he was a bachelor, and had lived on the land in controversy eight years; that he continued to live on the same after making his deed to his brother, August Lindeberg; that he had the use of the land in consideration of his paying the taxes and making improvements thereon from time to time. The defendants offered no testimony at the trial.

The question of law arising from the facts, therefore, is, was the plaintiff himself entitled to recover in an action to quiet title?

Section 4927, Rev. Laws 1910, provides that:

"An action may be brought by any person in possession, by himself or tenant, of real property, against any person who claims an estate, or interest therein, adverse to him, for the purpose of determining such adverse estate or interest."

This court has frequently held that, as a necessary requisite to maintaining an action to quiet title or to remove cloud therefrom, the plaintiff must allege and prove that he is holder of the legal title or the complete equitable title to the land involved.

In the case of Clark v. Holmes, 31 Okla. 164, 120 Pac. 642, this court said in paragraph 2 of the syllabus:

"A person who has no interest in the title of real estate cannot maintain an action to remove a cloud from the title of such real estate." Citing, in support thereof Le-Force v. Haymes, 25 Okla. 190, 105 Pac. 644; Wheatland Grain, etc., Co. v. Dowden, 26 Okla. 441, 110 Pac. 898; 32 Cyc. 1352.

And, again, in Spaulding v. Hill, 47 Okla. 621, 149 Pac. 1133, in an opinion by the court, the case of Clark v. Holmes, supra, was cited with approval.

The same doctrine is announced in 5 R. C. L. 646, and again, in the case of Clark v. Duncanson, 79 Okla. 180, 192 Pac. 806, this court, in an opinion by Ramsey, J., in the second paragraph of the syllabus, stated the rule as follows:

"The plaintiff in an action to quiet title to land must allege and prove that he is the owner of either the legal title or the complete equitable title. Unless plaintiff has the title, it is immaterial to him what title defendant claims."

So, it seems quite clear to us that that part of the judgment of the trial court sustaining the demurrer to the plaintiff's evidence and dismissing his cause of action was not erroneous, but should be sustained; but the decree of the court quieting title to the land in controversy in the defendant was clearly erroneous, for the reason that the defendant offered no testimony upon the trial, and therefore there was no evidence to sustain his title. So that part of the judgment is reversed, and the cause remanded, with directions to the trial court to proceed further in accordance with the views herein expressed.

HARRISON, C. J., and KANE, MILLER, and KENNAMER, JJ., concur