## HARRELL v. NICHOLS.

No. 10612—Opinion Filed April 25, 1922.

(Syllabus.)

**1. Quieting Title—Burden of Proof.**

In an action to quiet title the burden of proof is upon the plaintiff, and as a prerequisite to his right to recover he must introduce sufficient evidence to establish his cause of action.

**2. Same—Validity of Leases—Insufficiency of Evidence.**

Record examined, and held, that the plaintiff failed to establish his cause of action, and that the judgment entered in his favor is not sustained by the evidence, and that the cause must be reversed and remanded, with directions to grant a new trial.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by T. J. Nichols against E. Harrell to cancel lease as a cloud on title. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Sandlin & Winans, for plaintiff in error.

Womack, Brown & Cund and H. Grady Ross, for defendant in error.

KENNAMER, J. T. J. Nichols, as plaintiff, instituted this action in the district court of Stephens county, Okla., against E. Harrell, as defendant.

The plaintiff in his petition alleged that he was the owner of the leasehold estate of the lands described in his petition, by virtue of an agricultural lease executed by Salina Jacobs, nee Billy, to him on the 23rd day of January, 1918, for a term of five years from date of the lease. That the defendant was claiming some interest in the lands by virtue of an agricultural lease covering the premises executed by the allottee to the defendant on January 1, 1918, for a

term of five years from date. That the lease of the defendant was void and a cloud upon the title of the plaintiff, for the reason that on January 1, 1918, the date the defendant procured his lease, the land was incumbered with a prior and valid lease expiring January 10, 1918. Copies of the three leases mentioned in the petition were attached as exhibits.

The defendant, Harrell, filed an answer denying generally the allegations of the plaintiff's petition; alleging that his lease, dated January 1, 1918, was valid and that it was necessary and proper for the allottee to make the lease to the defendant on January 1, 1918, in order that the land might be properly cultivated for the crop year of 1918.

The case was tried to the court, and resulted in a judgment for the plaintiff. Decree was entered canceling the defendant's lease as a cloud on the title of the plaintiff. The defendant has prosecuted this appeal to reverse the judgment of the trial court. Timely motion for a new trial was filed by the defendant.

The defendant demurred to the testimony in the trial of the cause introduced by the plaintiff, and the overruling of the demurrer is assigned as error.

We have carefully examined the evidence introduced in the trial of this cause, and we fail to find any evidence in the record introduced by the plaintiff establishing the fact that the allottee of the land, Salina Billy, now Jacobs, was under any disabilities, such as restrictions, disqualifying her from executing a lease to the defendant on January 1, 1918. It may be true that she is a restricted Indian, but the burden would be on the plaintiff to establish this fact. The rule is well established that in a suit to quiet title, the plaintiff must recover on the strength of his own title rather than the weakness of his adversary's; but there is a well-recognized exception to this rule, and that is, where both parties trace their title to a common source, the one must prevail who has the superior equity. Eickhoff v. Scott et al., 137 Ark. 170, 208 S. W. 421. But in this case the plaintiff assails the defendant's lease upon the ground that it is void for the reason that there was a valid unexpired lease upon the land at the time the defendant's lease was executed. The plaintiff failed to introduce any proof to establish the fact that the allottee who executed the lease to the defendant was under any restrictions. The presumption is that the parties executing a contract are capable of contracting. The burden was on the plaintiff to prove by fair preponderance of the evidence that the lease of the defendant was void. He failed to introduce such proof. The conclusion necessarily follows that the judgment is not sustained by sufficient evidence.

Under the facts, as disclosed by the record, we decline to pass upon the validity of the lease contracts involved in the case.

Counsel for defendant in error has made the contention that the questions involved in this appeal have become moot. We deem it sufficient to say that the lease contracts having not expired by their terms, we cannot agree with this contention.

The judgment of the trial court is reversed, and the cause remanded, with directions to grant the defendant a new trial.

PITCHFORD, V. C. J., and JOHNSON, MILLER. and ELTING, JJ., concur.