[No. 18161.  Department Two.  July 2, 1924.]

F. LIPPMAN, *Appellant*, v. H. ROSS, *Defendant*, BARNEY
SIMON, *Garnishee Defendant*, MARINE NATIONAL
BANK, *Respondent*.[1]

ASSIGNMENTS (3)—VALIDITY—PAYMENT OF ACCOUNT.  There was
a sufficient assignment of an account, where invoices of goods were
endorsed "for value received this account is assigned to  .   .
.  " and the same sent with the goods with directions to pay the
amount due.

SAME (21)—PLEDGES (9)—OPERATION AND EFFECT—PROCEEDS OF
SALE.  Where goods, pledged as security for an account, were sold,
an assignee of the account, holding the pledge, is entitled to the
proceeds of the sale.

SAME (3)—VALIDITY—DELIVERY AND POSSESSION.  There was a
valid pledge for payment of an account due a bank, where the goods
were stored with a third person to hold as a pledge for such pay-
ment, since there was an actual change of possession to an agent
of the pledgee.

SAME (9)—SALE OF PROPERTY—TEMPORARY POSSESSION BY PLEDGOR.
A sale of pledged property while temporarily in the possession of
the pledgor does not defeat the lien of the pledgee.

Appeal from a judgment of the superior court for
King county, Hall, J., entered February 7, 1923, upon
findings in favor of the intervener, in garnishment pro-
ceedings, tried to the court.  Affirmed.

*J. Kalina*, for appellant.

*Roberts & Skeel* and *Glen E. Wilson*, for respondent.

PEMBERTON, J.—This action was instituted by ap-
pellant against the defendant H. Ross.  A writ of gar-
nishment was issued against one Barney Simon as
garnishee defendant.  Respondent intervened, claim-
ing the property held by the garnishee defendant,
whereupon the garnishee defendant admitted that he

[1]Reported in 226 Pac. 1017.

had certain merchandise in his possession and filed an answer in disclaimer. Appellant denying the ownership of the respondent, the issue was tried, resulting in a judgment in favor of respondent, from which judgment this appeal is taken.

The Marine National Bank, by merger, is successor in interest of the Northwest Trust & State Bank and the Guaranty Bank & Trust Company. The defendant H. Ross, in June, 1921, was indebted to the Guaranty Bank & Trust Company of Seattle, and in order to secure the indebtedness placed the merchandise in question with a third party by the name of Kotkins, together with a letter, as follows:

"Seattle, Wash., June 24, 1921.
"Mr. A. J. Kotkins,
     c/o Seattle Suit Case & Mfg. Co.,
     City.
"Dear Sir: We are storing with you merchandise for you to hold as a pledge for payment of any present or future indebtedness of ours to Guaranty Bank & Trust Company. We agreed to keep this merchandise always of value of $4,000.00 or more, and the pledge shall at all times cover all goods stored by us in your possession until our indebtedness to the Bank or any renewal thereof is fully paid. Yours very truly,
"H. Ross.

"September 14, 1921.
"The above continues in favor of Northwest Trust & State Bank, the successor to the Guaranty Bank & Trust Company.      H. Ross."

Kotkins went into possession of the property and some time thereafter the defendant found a purchaser, the garnishee defendant, and with the consent and under the direction of the bank, the merchandise was shipped to the garnishee defendant. The invoices were endorsed as follows:

"For value received this account is assigned to the Northwest Trust & State Bank of Seattle, to whom you will please make payment direct.

(Signed) "H. Ross."

Appellant contends that there was no valid assignment of the account to the Marine National Bank. This assignment was made to the Northwest Trust & State Bank, and in turn assigned to the Marine National Bank by the Northwest Trust & State Bank. The assignment to the Northwest Trust & State Bank was sent to the garnishee defendant with the goods, directing him to pay the bank the amount due. This was sufficient to effect an assignment of the account.

It is next contended that, if the goods were sold on consignment, the intervener has no interest in them until the property is sold, and the goods had not been sold. If the goods were sold outright, the account having been assigned to the bank, the bank is entitled to the proceeds of the sale. If the goods were shipped on consignment, the bank as pledgee had the paramount and prior right to the proceeds of the sale.

The appellant insists that there was no valid pledge because the bank was not actually in possession of the merchandise as pledgee. It is sufficient if the possession of the goods pledged is delivered to a third party to hold for the pledgee.

"The delivery may be made to an agent or trustee of the pledgee, or to a third person to hold for him, and such third person may even be an agent, clerk, or servant of the pledgor, provided there is an actual change of possession, and an agreement by all three parties that the property shall be held as security for the pledgee." 31 Cyc. 803.

See, also, *Churchill v. Miller,* 90 Wash. 694, 156 Pac. 851.

The fact that the defendant Ross, pledgor, received possession of the property for the purpose of sale to the garnishee defendant would not defeat the right of respondent as pledgee.

"If it [property pledged] be delivered back to the owner in a new character; as, for example, as a special bailee or agent  .  .  .  the pledgee will still be entitled to the pledge, not only as against the owner, but also as against third persons." *Hickok v. Cowperthwait,* 210 N. Y. 137, Ann. Cases 1915B 1002, citing *Casey v. Cavaroc,* 96 U. S. 467.

A sale of pledged property while temporarily in the possession of the pledgor does not defeat the lien of the pledgee.

*Rice & Bullen Malting Co. v. International Bank,* 185 Ill. 422, 56 N. E. 1062.

The judgment is affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.