**MARTIN et al. v. ROGERS et al.**

No. 20203.   Opinion Filed July 28, 1931.

Wilson & Duncan, for plaintiffs in error.

J. M. Humphreys, for defendants in error.

CLARK, V. C. J. This is an action commenced in the district court of Osage county by one of the defendants in error herein, John R. Rogers, against the plaintiffs in error Alfred A. Drummond and J. E. Martin, and also against defendants in error William C. Rogers and Isabella Rogers, now Liggett, for partition of certain lands described in the petition.

Plaintiff alleged in his petition that one Arthur Rogers, Osage allottee, who is now deceased, at the time of his death had been allotted the lands described in the petition, and left as his heirs this plaintiff, Isabella Rogers, now Liggett, William C. Rogers, and Joseph L. Rogers and Elizabeth Rogers, now Harlan, and that Elizabeth Rogers, now Harlan, conveyed her interest to Joseph L. Rogers, and that Joseph L. Rogers conveyed a one-fifth interest to the plaintiff and a one-fifth interest to William C. Rogers, and that the owners of said land at this time are as follows:

John R. Rogers_____2/5ths interest
Isabella Rogers-Liggett,__1/5th interest
William C. Rogers,_____2/5ths interest.

That Minerva Rogers, now deceased, was allotted during her lifetime the lands described in the petition, and that said lands were inherited by the plaintiff herein, John R. Rogers, William C. Rogers, Isabella Rogers-Liggett, Elizabeth Rogers-Harlan, and Joseph L. Rogers, and that Joseph L. Rogers conveyed an undivided one-fifth interest in said lands to the plaintiff and a one-fifth interest to William C. Rogers, and that the owners of said land at this time are as follows:

John R. Rogers,_____2/5ths interest
Elizabeth Rogers-Liggett, 1/5th interest
William C. Rogers,_____2/5ths interest

That defendants J. E. Martin and Alfred A. Drummond are claiming some right, title, and interest in a part of said land by virtue of a deed executed by William C. Rogers to the said J. E. Martin and Alfred A. Drummond. Plaintiff prayed for partition of the lands, and that the interest in and to said land be decreed as follows:

John R. Rogers, an undivided 2/5ths interest, Isabella Rogers-Liggett, an undivided 1/5th interest, William C. Rogers, an undivided 2/5ths interest.

—and that J. E. Martin and Alfred A. Drummond be decreed to have no interest in said real estate.

The defendants J. E. Martin and Alfred A. Drummond filed answer by way of general denial, and further answering admit that the lands were allotted and were inherited as set out in the petition; and further answering, alleged that they purchased from William C. Rogers, for a good and valuable consideration, an undivided two-fifths interest in and to a part of said lands by warranty deed; attached a copy of their deed of William C. Rogers and wife to them as an exhibit to their answer. Prayed that they be decreed the owners of two-fifths interest in and to said lands so conveyed to them by William C. Rogers, and that William C. Rogers have no right, title or interest in and to said lands.

William C. Rogers filed his separate answer and denied the allegations of the petition except as herein admitted, and admitted that the lands described in the petition were allotted and inherited as therein set out. Further alleged that he was the owner of and entitled to possession of an undivided one-fifth interest of said lands by virtue of a deed from Joseph L. Rogers, which deed was attached to the answer and made an exhibit thereto. Further alleged that he was a restricted Osage Indian; that in order

to purchase said lands, it became necessary to obtain authority from the Secretary of the Interior, and said authority was obtained to expend the purchase price of said one-fifth interest.

That said deed contains a provision:

"That interest in said property shall not be alienated, or incumbered, while title is in the grantee except with the consent of the Secretary of the Interior in writing."

Defendant alleged that the honorable secretary has not given his consent in writing for conveyance of said real estate. Prayed that plaintiff and the cross-petitioners, J. E. Martin and Alfred A. Drummond, take nothing by their said answers.

The deed attached to William C. Rogers' answer, containing the proviso, was recorded on the 30th day of November, 1927.

The defendants below, Martin and Drummond, filed a reply to the separate answer of William C. Rogers by way of general denial to the new allegations set out in said answer of William C. Rogers, except that they denied specifically that William C. Rogers was the owner of and entitled to the said interest in said lands; denied William C. Rogers was a restricted Indian. Denied that the restriction clause in the deed is of any force and effect; alleged that the said William C. Rogers was an Osage Indian of one-eighth degree of Indian blood; that William C. Rogers was granted a certificate of competency and became an unrestricted Osage Indian on arriving at the age of majority, and alleged that by reason thereof the one-fifth interest conveyed to him was unrestricted. Prayed that the said William C. Rogers be adjudged to have no right, title, or interest in the land.

Trial of the cause was had, and judgment rendered decreeing the interests in certain lands described in the judgment as follows: That John R. Rogers owned an undivided two-fifths interest, William C. Rogers an undivided one-fifth interest, Isabella Rogers-Liggett an undivided one-fifth interest, and J. E. Martin and Alfred A. Drummond owned jointly an undivided one-fifth interest in certain lands described therein; that the deed from William C. Rogers purporting to be for two-fifths interest to Alfred A. Drummond and J. E. Martin conveyed only a one-fifth interest; and that the one-fifth interest purchased by William C. Rogers from Joseph L. Rogers was restricted and could not be conveyed by William C. Rogers to the plaintiffs in error herein unless the consent in writing to such conveyance by the Secretary

of the Interior was given; that there had not been granted a certificate of competency in writing by the Secretary of the Interior to William C. Rogers.

Defendants below, J. E. Martin and Alfred A. Drummond, filed their motion for new trial, which was overruled, and they bring the cause here for review.

The record discloses that it was stipulated and agreed at the trial of said cause, in substance:

"1. That the lands involved were allotted to Arthur Rogers, deceased Osage allottee, and Minerva Rogers, Osage allottee.

"2. That the lands passed by descent of distribution to John R. Rogers, Ellen E. Rogers now Harlan, Isabella Rogers now Liggett, William C. Rogers, and Joseph L. Rogers, each inheriting an undivided one-fifth interest. That all of said persons are children of said deceased allottees.

"3. That Ellen E. Rogers was granted a certificate of competency and conveyed her one-fifth interest to Joseph L. Rogers.

"4. That Joseph L. Rogers had been granted a certificate of competency and conveyed an undivided one-fifth interest to John R. Rogers.

"5. That Joseph L. Rogers also conveyed a one-fifth interest to William C. Rogers. Shown by Ex. '1', that said deed contained the following clause:

" 'Subject to the condition that said interest in said property shall not be alienated or incumbered, while title is in the grantee except with the consent of the Secretary of the Interior in writing.'

"Said deed was filed for record on the 30th day of November, 1927, and duly recorded in book 63, page 130, in the office of the county clerk of Osage county.

"6. That after the conveyances, John R. Rogers was the owner of 2/5ths interest, William C. Rogers was owner of 2/5ths interest, Isabella Rogers was the owner of 1/5th interest;

"7. That subsequent to the conveyance of Joseph L. Rogers to William C. Rogers of one-fifth interest, and on the 29th day of March, 1928, William C. Rogers and wife executed a deed of conveyance to J. E. Martin and Alfred A. Drummond, for his undivided two-fifths interest for consideration of $1,500, which was the fair and reasonable market value for said two-fifths interest. And that at said time William C. Rogers was over 21 years of age and was enrolled on Osage Roll, one-eighth of Osage Indian blood. 'Deed admitted as exhibit.'

"8. That William C. Rogers has not been issued a certificate of competency in writing under the provisions of the Act of June 28,

1906; and that said sale or transfer of property mentioned and described in the deed admitted in evidence herein has not been approved by the Secretary of the Interior."

The record discloses that the deed was a warranty deed for said two-fifths interest without reservation, except as to an oil and gas lease. Dated March 29, 1928; recorded March 30, 1928.

The cause was submitted on the agreed statement of facts and the introduction of the two deeds.

Plaintiffs in error contend:

"1. William C. Rogers, being an Indian of less than half Indian blood at the time of the execution and delivery of his deed of conveyance dated March 29, 1928, to J. E. Martin and Alfred A. Drummond, and being over 21 years of age, a certificate of competency was unnecessary to empower him to make a conveyance of all his two-fifths interest in the land in question.

"2. The following clause in the deed from Joseph L. Rogers and Della Rogers to William C. Rogers is absolutely void:

" 'Subject to the condition that said interest in said property shall not be alienated or incumbered while title is in the grantee, except with the consent of the Secretary of the Interior in writing.'

"3. The stipulation of facts being silent as to the source of the consideration that was paid for the land by William C. Rogers, the court could not presume that the land in question was trust property."

The Act of Congress of March 3, 1921, section 2, provides:

"That all members of the Osage Tribe of Indians are hereby declared to be citizens of the United States, but this shall not affect their interest in tribal property or the control of the United States over such property as is now or may hereafter be provided by law, and all restrictions against alienation of their allotment selections, both surplus and homestead, of all adult Osage Indians of less than one-half Indian blood are hereby removed, and the Secretary of the Interior shall, within four months after the passage of this act, determine what members of said tribes are of less than one-half Indian blood, and their ages, and his determination thereof shall be final and conclusive."

Under the Act of Congress of February 27, 1925 (43 Stat. L. 1008) section 1:

"The Secretary of the Interior shall invest the remainder, after paying the taxes of such members, in United States bonds, Oklahoma state bonds, real estate, first mortgage real estate loans not to exceed 50 per centum of the appraised value of such real estate, * * * or expend the same for the benefit of such member, such expenditures, investments, and deposits to be made under such restrictions, rules, and regulations as he may prescribe."

In the case of Hass v. United States, decided by Circuit Court of Appeals, Eighth Circuit, 17 Fed. (2nd Series) 894, second paragraph of syllabus, it is said:

"Where money received from sale of an Indian's restricted allotment, retained by the Department to be disbursed for his benefit only by authority of the Secretary of the Interior, was used in the purchase of other lands, the Secretary had power to require restrictions embodied in the deed to such lands."

And in the body of the opinion, on page 896, the court said:

"That the Secretary of the Interior had the power to make these regulations, has been decided by the Supreme Court, as well as this court, a number of times. United States v. Law, 250 F. 218; Sunderland v. United States, 287 F. 468, affirmed 266 U. S. 226, 45 S. Ct. 64, 69 L. Ed. 259; U. S. v. Brown, 8 F. (2nd) 564."

And in the case of Sunderland v. United States, supra, the court in the body of the opinion said:

"* * * But it by no means follows that a restriction upon alienation, limited as it is here, may not be imposed by the United States as a condition upon which a purchase of private lands within the state will be made for an Indian ward. * * * If Congress, in fulfillment of its duty to protect the Indians, whose welfare is the peculiar concern of the federal government, deems it proper to restrict for a limited time the right of the individual Indian to alienate land purchased for him with funds arising from the sale of other lands originally subject to a like restriction, we are not aware of anything which stands in the way. * * *

"Indeed, we think the authority of the Secretary to withhold his consent to the proposed investment of the proceeds subject to his control, includes the lesser authority to allow the investment upon conditions that the property into which the proceeds are converted shall be impressed with a like condition."

We hold that the Secretary of the Interior had the power to restrict the sale of the one-fifth interest, provided said real estate was purchased for said Indian with restricted funds of said Indian held by the Secretary of the Interior.

With reference to constructive notice to the purchasers that said restrictive clause was placed in said deed by authority of the Secretary of the Interior, and that said lands

were purchased with restricted funds, in the case of Sunderland v. United States, supra, the court said:

"The conveyance made by its authority, embodying the restriction required by the rule, was recorded, and that was enough."

The deed to William C. Rogers containing the restrictive clause was recorded on the 30th day of November, 1927.

The deed from William C. Rogers to J. E. Martin and Alfred A. Drummond to said lands was dated the 29th day of March, 1928, and recorded on the 30th day of March, 1928, which was four months after the recording of the deed to Rogers containing the restrictive clause, and the said J. E. Martin and Alfred A. Drummond had notice of the restrictive clause in the deed to Rogers when they purchased said lands from Rogers.

Plaintiffs in error, by their answer and cross-petition against their codefendant below, William C. Rogers, sought to quiet their title to the two-fifths interest in said lands acquired by them from deed from the said Rogers, and the burden was on the plaintiffs in error herein to introduce sufficient evidence to establish their cause of action.

In the case of Harrell v. Nichols, 86 Okla. 115, 206 Pac. 817, first paragraph of syllabus, this court said:

"In an action to quiet title, the burden of proof is upon the plaintiff, and as a prerequisite to his right to recover, he must introduce sufficient evidence to establish his cause of action."

And in the body of the opinion, this court said:

"It may be true that she is a restricted Indian, but the burden would be on the plaintiff to establish this fact. The rule is well established that, in a suit to quiet title, the plaintiff must recover on the strength of his own title rather than the weakness of his adversary's."

We hold that the deed to William C. Rogers containing the restrictive clause was placed of record and was notice to plaintiffs in error, and, as said in the Sunderland v. U. S. Case, supra:

"The conveyance made by its authority, embodying the restriction required by the rule, was recorded, and that was enough"

—and that the plaintiffs in error, in their cross-petition seeking to quiet their title over against defendant in error, William C. Rogers, the grantor in the deed to plaintiffs in error, were required to recover on the strength of their own title, and thereby were required to prove that said restricted clause was not placed in said deed under the authority of the Secretary of the Interior, and that said lands were not purchased by restricted money of the said William C. Rogers in the hands of the Secretary of the Interior.

For the reasons stated, the judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., not participating.

Note.—See under (3) 5 R. C .L. 675; R. C. L. Perm. Supp. p. 1453; R. C. L. Pocket Part, title "Cloud on Title," § 48.