## WAKEN v. BIMSTROM et al.

No. 25289.   May 14, 1935.

Dyer & Smith, for plaintiff in error.

Steele & Boatman, for defendants in error.

PER CURIAM.   This action was commenced in the district court of Okmulgee county by F. E. Walker against Samuel Waken and others to quiet title to a 120-acre tract of land in said county.   Judgment was entered for plaintiff, and the defendant Waken has appealed.

Waken will be referred to herein as defendant, and Walker having died, by revivor his heirs have become defendants in error. They will be referred to herein as plaintiffs.

In 1917, one Thomas R. Burrow was the owner of the land in question.   At that time he executed a mortgage on the premises to certain parties.   Thereafter, Burrow and the defendant entered into an agreement whereby Burrow exchanged an equity in certain Enid property for 200 acres of land owned by defendant in Blaine county. Deeds, together with the contract, were placed in escrow.   Said contract also provided that Burrow should pay to defendant the sum of $6,519.72 in addition for said Blaine county land, and further assigned to defendant 91/6000 royalty interest in the land involved in this action as security for the payment of the aforementioned sum.   And defendant was to, and did, receive the portion of the oil royalties mentioned in the contract.

Thereafter, in 1925, the defendant purchased the mortgage executed by Burrow in 1917.   Later he conveyed to his sons the land in Blaine county, disregarding his escrow agreement with Burrow.  In 1928, he commenced suit in the district court of Okmulgee county to foreclose the above-mentioned mortgage on the land involved in this action, against Burrow and others, including the original plaintiff in this action, who was alleged to be claiming some interest in the land.

While that action was pending, Walker, the original plaintiff herein, purchased the mortgage from defendant and was substituted as plaintiff in said suit and proceeded to foreclosure and sale.

By stipulation of the parties, the judgment of foreclosure in the above mentioned action, and the sale thereon, excluded and excepted the above-mentioned 91/6000 royalty interest held by the defendant as security from Burrow in connection with the exchange of the Enid and Blaine county properties.   Walker, the original plaintiff herein, purchased the land at the foreclosure sale subject to the 91/6000 royalty interest and certain other interests.

In the meantime the sons of the defendant commenced suit against Burrow and others claiming a vendor's lien on the land in Blaine county by virtue of the contract between Burrow and the defendant, and seeking foreclosure of same and cancellation of the contract, being the same contract under which the defendant claims the 91/6000 royalty interest in the lands here involved.   Judgment foreclosing vendor's lien and decreeing sale of the Blaine county land was entered.   This decree established and enforced the escrow contract, instead of canceling it as alleged by the plaintiff in the present action.

The plaintiff in this action contends that Samuel Waken was the real owner of the

Blaine county land, and was entitled to the purchase price thereof under the escrow contract; that the land was afterwards deeded to the three sons as a matter of convenience and the suit in the district court of Blaine county was prosecuted in their names by Samuel Waken; and that all of this constituted an abandonment of Samuel Waken's rights under the contract of December 8, 1931, to further receive the proceeds from the royalty interest in the Okmulgee county land, and further, that the decree of the district court of Blaine county decreed the cancellation of the escrow contract, and by reason thereof it became adjudicated that the defendant had no royalty interest in the Okmulgee county land.

On the other hand, the defendant contends that the plaintiff, Walker, under his purchase of the note secured by a mortgage on the Okmulgee county land, as well as by the decree in foreclosure and foreclosure sale, took the title to the land in controversy subject to Waken's assignment of the royalty interest as security for the payment of the debt named in the escrow contract; that the debt has not been paid and the defendant never, in any way, abandoned or waived such debt or the security therefor; and that the burden in this action was upon the plaintiff to prove either that the debt had been paid or that the defendant had abandoned or waived the same or the security therefor, before the plaintiff should be entitled to have his title quieted as against the defendant's claim, which the plaintiff wholly failed to do.

Counsel for plaintiff has directed the court's attention to some judicial expressions in support of his contention that, where two valid judgments conflict, the last controls, and therefore the decree of the district court of Blaine county should prevail over the earlier decree of the district court of Okmulgee county. In view of the fact that there is apparently no conflict between the decree of the district court of Blaine county establishing a vendor's lien held by the Wakens on the Blaine county land and foreclosing the same, and the earlier decree of the district court of Okmulgee county recognizing the existence of a lien on the royalty interest in the Okmulgee county land to secure the same debt, there is, in this case, no basis for the application of the rule for which the plaintiff contends, and the court expresses no opinion on that question of law. Neither does the court express any opinion as to whether the plaintiff, not being a party to the action in Blaine county, and not being himself bound by the Blaine county decree, could rely upon it as an adjudication of defendant's rights.

The principal question for determination, therefore, is whether or not, under the facts stated, the defendant, Waken, abandoned his royalty interest in the Okmulgee county land as security for the debt owed him by Burrow and wife. From an examination of the record, there is some doubt as to whether or not the defendant so directed, and participated in, the Blaine county suit as to be bound by such proceeding, as plaintiff contends. However, assuming that defendant was the actual plaintiff in that suit, his prayer for the quieting of his title to the Blaine county land and the canceling of the escrow contract of December 8, 1931, and other relief, did not, under the facts and circumstances, amount to the concurrence of an intention to abandon the Okmulgee county royalty interest as security for the payment of the debt he was asserting as unpaid, with an actual relinquishment thereof. Such concurrence is essential to an abandonment. On this question, counsel for the parties have not assisted the court with either the statement of any proposition of law applicable to the facts or the citation of any authority. The general rule seems to be well stated in 1 C. J. 6, as follows:

"Abandonment is made up of two elements, act and intention. It includes both the intention to abandon and the external act by which the intention is carried into effect.

"To constitute abandonment in respect of property, there must be a concurrence of the intention to abandon and an actual relinquishment of the property so that it may be appropriated by the next comer. Both the intention to abandon and actual relinquishment must be shown."

This rule has been recognized by this court in passing upon the alleged abandonment of homestead rights: Long v. Talley, 84 Okla. 38, 201 P. 990; Shannon v. Potter, 83 Okla. 66, 200 P. 860.

The same rule has been applied where a railroad company was alleged to have abandoned part of a right of way acquired by condemnation proceedings. Mink v. Midland Valley R. Co., 100 Okla. 23, 227 P. 146.

It has been invoked where it was alleged that a city had abandoned land which had been dedicated and accepted by it for park purposes. Tulsa v. Aaronson, 103 Okla. 159, 229 P. 596.

With reference to a waiver of a lien, this court, in its syllabus in the case of Hall v. Black, 93 Okla. 148, 220 P. 50, said:

"An intention to waive a lien will not be presumed in the absence of evidence tending to show such intention, and whether or not a particular transaction amounts to release of lien is a question of intention on the part of the releasor, and in a doubtful case such intention will not be implied."

In a case arising in the state of Oklahoma, the United States Circuit Court of Appeals for the Eighth Circuit said in Rader v. Star Mill & Elevator Co., 258 Fed. 599, 605:

"Before reaching this conclusion the claims and arguments of counsel for the Star Company that Rader abandoned, waived, and is estopped from maintaining his lien against that company (a) because he, as a stockholder of the Roller Mills, must have received a share of the benefits to that corporation of the $10,000 loan; (b) because he delivered his deed to the Roller Mills in January, 1914, without giving any notice to the Star Company of his vendor's lien; (c) because he became in January, 1914, the manager of the Roller Mills, and continued so to be until July 1914; and (d) because on September 9, 1914, he, as a stockholder of the Roller Mills, voted to authorize its officers to sell its property to pay its debts, have been considered. But the legal presumption is that one who has a legal and equitable lien on property intends to maintain and enforce it, and his abandonment thereof may not be adjudged without clear and convincing evidence of his intention to abandon, and there is no evidence in this case of any such intention by Rader. Waiver is but another name for estoppel, and where there is no estoppel there is no waiver.

"Two of the indispensable elements of an estoppel en pais, and there was no other estoppel here, are that (1) the party claiming the estoppel relied upon the action of the party estopped and was thereby induced to change his position or course; and that (2) he has been or will be injured on account of that change, if the party estopped is permitted to pursue the course or have the relief he seeks. Neither of these elements exists in the case at bar, and Rader never waived his lien, nor is he estopped from enforcing it. He is entitled to a decree that he has the first lien—a lien superior to that of the Star Mill & Elevator Company, the trustee, and the unsecured creditors— on the undivided three-fourths of the proceeds of the sale of the real estate in question."

In the petition filed in the district court of Blaine county, the existence of the debt and plaintiff's willingness to comply with the provisions of the escrow contract by delivery of deed upon the payment of the balance of the debt, were alleged. The one party to the escrow contract could not, by his own act, effect the cancellation of such contract. The allegations of the petition do not appear to be sufficient to have justified the court in decreeing the cancellation thereof, but the facts alleged were sufficient to show a balance due from Burrow and wife on the purchase price of the Blaine county land, and the existence of a vendor's lien to secure the payment thereof, and a breach of the escrow contract by Burrow and wife. The decree shows that the district court of Blaine county took this view of the matter. Where a party, by contract, becomes the creditor of another, and is given liens on two different properties to secure the payment of the debt due him, and legal proceedings commenced by him result in a judgment for the amount due on the debt and for the foreclosure of the lien on one of the properties, he does not thereby necessarily lose his lien on the other property to secure any unpaid balance on the debt.

Under the record in this case, the court is left in some doubt as to whether or not the delivery, by Waken and wife to their sons, of the deed conveying the Blaine county land operated as an assignment of the balance due from Burrow and wife under the escrow contract, together with the security given in such contract for the payment thereof. It seems, however, that a determination of this question is not involved in the decision of the case.

In a suit to quiet title, the plaintiff must recover, if at all, on the strength of his own title and not because of any weakness in the claims of a defendant. Lindeberg v. Messman, 86 Okla. 288, 207 P. 1067; McMurrough v. Alberty, 90 Okla. 4, 215 P. 193; Clewell v. Cottle, 99 Okla. 84, 225 P. 946; Going v. Green, 103 Okla. 93, 229 P. 521; Martin v. Rogers, 151 Okla. 51, 1 P. (2d) 696.

The plaintiff wholly failed to prove either the payment of the debt or the abandonment or waiver of the security, and therefore failed to establish in himself clear title to the 91/6000 royalty interest in the land which is the subject matter of the action. It follows, therefore, that the trial court erred in decreeing the plaintiff to have clear title thereto. For the reasons given, the decree is reversed, with directions to modify the same to the extent of adjudging plaintiff's successors, in whose names the judgment or decree was revived, to have title to the land in controversy subject to the lien on the 91/6000 royalty interest created by the escrow contract and taxing the costs in this court and in the trial court against the plaintiff's successors, in whose names

the judgment was revived as above mentioned.

The Supreme Court acknowledges the aid of Attorneys Hal C. Thurman, John F. Sharp, Jr., and B. M. Parmenter in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Thurman and approved by Mr. Sharp and Mr. Parmenter, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.